[No. 6,808.]

## BEVERIDGE *v.* LIVINGSTONE.

SAN FRANCISCO — STREET ASSESSMENT — STATUTE, CONSTRUCTION OF — MANDATORY STATUTE.—The 6th section of the present street law of San Francisco (Stat. 1871-2, p. 808), requiring the Superintendent of Public Streets, upon the failure of a contractor to complete his work before the expiration of the contract time, to report the same to the Supervisors, and the Supervisors to relet the work, is *mandatory,* and excludes the exercise, by the Board or Superintendent, of any power to extend the time for completing the work after the expiration of the contract time, or of an extension ordered during the running of the contract time; and such an extension is therefore void.

APPEAL from a judgment for the plaintiff upon a demurrer to the answer, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The facts are stated in the opinion.

*Greathouse & Blanding,* for Appellant.

The Board of Supervisors has no power under the present law (Stat. 1871-2, p. 808) to extend the time for the com-

pletion of street work after the expiration of the contract time.

*Taylor* v. *Palmer* is not in point. It was decided under the statute of 1863; and, by the terms of § 6 of that act, no penalty or consequence attached upon a failure to complete the contract within the specified time ; nor was any course of proceeding enjoined upon the Supervisors ; but the matter was left wholly to the discretion of the Board to relet the work, or not, as they thought proper. The existing law made an entire change in this respect, and provides that the Board *shall* relet the work. The new statute was intended to correct the abuses that had grown up under the old law.

Even as an authority under the old law, *Taylor* v. *Palmer* was overthrown by the case of *Turney* v. *Dougherty*, 53 Cal. 619.

The 7th section of the act applies only to past cases. To give it a different construction would be to destroy the effect of the 6th section. (*Laugenour* v. *French*, 34 Cal. 98; *In re Henkel*, 2 Sawyer, 307.)

*Perkins & Carneal*, for Respondents.

The Board of Supervisors has power, under the statute, to extend the time for the completion of work under contracts. (Stat. 1871–2, p. 809, § 7 ; Stat. 1863, p. 525, § 7 ; *Taylor* v. *Palmer*, 31 Cal. 246 ; *Conlin* v. *Seamen*, 22 Id. 548 ; *Houston* v. *McKenna*, Id. 552 ; *Himmelman* v. *Cofran*, 36 Id. 412.)

The 6th section of the statute (1871–2) is *directory,* not *mandatory.* (*Parks* v. *Crockett*, 61 Maine, 494 ; *Hughes* v. *Farnan*, 45 Id. 72 ; *Boothby* v. *Rare*, 68 Id. 351 ; 3 Dutch. (N. J.) 407.)

The remedy of the property-holder is by appeal to the Board, and acquiescence is presumed in case of no appeal. (*Conlin* v. *Seamen*, cited *supra.*) The property-owner should make his objection at a time when it will do least harm to the contractor; and not wait until his property has received the benefits of a completed contract.

By the COURT:

This is an action brought on a street assessment, for work done in San Francisco.

The time prescribed in the contract expired on the 12th of September, 1877.   On the 17th of December, 1877, the Board of Supervisors attempted to authorize the Superintendent of Streets to grant an extension of time to complete the work, which extension was granted by said Superintendent on the 21st of December, 1877.

We are of the opinion that the Board of Supervisors had no power under the present law (Stats. 1871–72, p. 808) to extend the time for the completion of street work after the expiration of the time prescribed in the contract.   The language of the law is : " But should the said contractor or the property owners fail to prosecute the same diligently or continuously, in the judgment of said Superintendent of Public Streets, Highways, and Squares, or to complete it within the time prescribed in the contract, or within such extended time, then it *shall be the duty* of said Superintendent of Public Streets, Highways, and Squares to report the same to the Board of Supervisors, *who shall, without further petition* on behalf of the property owners, order the Clerk of the Board of Supervisors to advertise for bids, *as in the first instance,* and *relet* the contract *in the manner hereinbefore provided.*"

It may be admitted that the Superintendent, with the consent of the Board of Supervisors, may extend the time fixed by the terms of the contract, provided such extension be made prior to the expiration of the contract time.   But it is plain that immediately upon the expiration of the contract time, or of the time thus extended, the obligation is imposed, upon the Superintendent of Public Streets to report the delinquency of the contractor to the Board, and on the Board, upon such report being received, a like obligation to advertise and relet the contract.   To hold that either the Board of Supervisors or the Superintendent of Public Streets may extend the time for completing the work after the expiration of the contract time, or of the time as ex-

tended by order before the expiration of the contract time, would be to relieve the Board and the Superintendent of the obligation imposed upon them by the statute, and the contractor from the consequences of his delinquency.

In opposition to this view, *Taylor* v. *Palmer*, 31 Cal. 246, is cited by respondent's counsel. That case, so far as this point is concerned, is commented upon and doubted in *Turney* v. *Dougherty*, 53 Cal. 619; and we are not inclined to be controlled by the authority of the former further than as it construes the exact language of the Statute of 1863, under which it was decided.

The act last cited directed the Superintendent to report the delinquency to the Board of Supervisors, who had the discretion thereupon to relet the unfinished portion of the work. But the language of the 6th section of the Act of 1872, above cited, seems by its terms intended explicitly to exclude the exercise by the Board or Superintendent of any power to extend the time for the completion of the work, after the expiration of the contract time or of the extension ordered during the running of the contract time. Whatever the meaning of the former statute, it is plain that the law of 1872 is to be construed as mandatory, and as leaving no discretion in the Superintendent at the expiration of the contract time or of the time as extended prior to the expiration of the contract time. Nor is the result changed by the provision that "in all cases" where the Superintendent, under the direction of the Supervisors, has extended the time for the performance of contracts, "the same shall be held to have been legally extended." This provision contains no grant of power to the Superintendent or Supervisors, but only declares the legal effect of the employment of power previously granted.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the answer. Remittitur forthwith.