## DYER, Respondent, v. HUDSON et al., Appellants.[*]

### No. 7256; December 15, 1882.

**Street Law—Contract for Macadamizing—Premature.**—The power of a board of supervisors to award a contract for macadamizing is largely controlled by local conditions at the time; it follows that such a contract cannot be awarded before completion of the grading.

**Street Law—Macadamizing—Rights of Owners to Do the Work.** The power of a board of supervisors to award a contract for macadamizing can be exercised only in such a manner as may not deprive the property owners of their statutory right to do the work themselves, the enjoyment of which right would be impossible if such award should be made before completion of the grading.

*For subsequent opinion, see 65 Cal. 374, 4 Pac. 231.

APPEAL from Superior Court, San Francisco.

L. H. Whittemore for appellants; D. M. Wood for respondent.

By the COURT.—The alleged error of the court below in holding an order extending the time for completing the contract, made after the expiration of the period originally fixed, to be valid, is not specified in the statement on motion for a new trial. The point decided in Beveridge v. Livingstone, 54 Cal. 54, will not be considered on this appeal: Code Civ. Proc., sec. 659, subd. 3.

But the record before us presents the point that the time for completing the contract for grading had not expired, nor was the grading in fact completed, either when the macadam contract was awarded or when the macadamizing should have been finished according to the contract as awarded.

The power of the board of supervisors to let a contract for macadamizing must be determined by the condition of things when such contract is awarded. The time for doing the work may be extended by the board, but the board may not anticipate the extension when the original award is made. The law supposes the board to intend that the contractor shall perform his work within the time fixed by his contract. In the case before us the advertisement for sealed proposals contained a notice that the macadamizing was to be done within sixty days after the contract was signed. The law required the work to be commenced within fifteen days after the award. By section 6 of the act of April 1, 1872 (Stats. 1871–72, p. 804), owners of property facing the improvement may elect, "within five days after the first publication of the award," to do the work. It is apparent that, if the board can award a contract for macadamizing before the street is graded, the property owners may be deprived of the right, secured by the statute, of doing the work themselves, and the power can only be employed in such manner as cannot deprive the property owners of the statutory right.

Judgment and order reversed, and cause remanded for a new trial.