[No. 9253. Department One. — January 28, 1886.]

E. FANNING, Appellant, *v.* H. SCHAMMEL et al., Respondents.

Street Work — Grading Montgomery Avenue — Completion of Work — Extension of Time — Expiration of Contract. — The action was brought to foreclose a street assessment lien for grading Montgomery Avenue, in the city and county of San Francisco. The contract under which the work was done required its completion within sixty days. The work was not completed within the time, and subsequently the board of supervisors of the city and county extended the time for its completion. *Held*, that upon the failure to complete the work within the time required the contract expired, and the board of supervisors had no jurisdiction to revive or validate it.

ID. — ACT OF MARCH 19, 1878, UNCONSTITUTIONAL. — The act of March 19, 1878, so far as it attempts to revive such a contract, and validate an assessment for street work done under it, is unconstitutional and void.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*J. M. Wood,* for Appellant.

The legislature had power to pass the curative act of March 19, 1878. (*San Francisco* v. *Certain Real Estate,* 42 Cal. 519; 1 Kent's Com. 455, 456; Cooley's Const. Lim., 369–378; *Himmelmann* v. *Jansen,* Oct. Term, 1867, No. 1404.)

*Fisher Ames,* for Respondents.

The legislature had no power to legalize a contract that had become extinct and void. (*Brady* v. *King,* 53 Cal. 44; *People* v. *McCune,* 57 Cal. 153; *People* v. *Goldtree,* 44 Cal. 323; *People* v. *Lynch,* 51 Cal. 15.) The attempted extension of time was not merely an irregularity occurring in the rightful exercise of power. (*Reis* v. *Graff,* 51 Cal. 86; *People* v. *O'Neil,* 51 Cal. 91; *People* v. *McCain,* 51 Cal. 360; *People* v. *Houston,* 54 Cal. 539; *Mahoney* v, *Braveman,* 54 Cal. 565).

McKEE, J. — Action to foreclose a street assessment lien for street work alleged to have been done under a contract for grading Montgomery Avenue in the city and county of San Francisco.

The contract required that the work should be completed within sixty days. The work was not completed within the time; and under the law the contract expired. Subsequently, however, the board of supervisors of said city and county extended the time; but it had no jurisdiction to revive and validate a dead contract. The order of extension was, therefore, unauthorized and void. (*Beveridge* v. *Livingstone,* 54 Cal. 54; *Owens* v. *Heydenfeldt,* 6 W. C. R. 149; *Torrens* v. *Townsend,* 6 W. C. R. 149.)

But nearly a year after the order of extension by the board of supervisors, the legislature, on the 19th of March, 1878, by an act entitled "An act to ratify and confirm certain orders and resolutions of the board of supervisors of the city and county of San Francisco, relative to street work on Montgomery Avenue," etc., made valid, ratified, and confirmed "all orders and resolutions heretofore from time to time passed by said board of supervisors, . . . . in relation to street work done, in whole or in part, on Montgomery Avenue, in said city and county, and all contracts and assessments for such street work, . . . . and all other proceedings under and in accordance with the provisions of such orders and resolutions" (Stats. 1877–78, p. 341); and it is contended that all the proceedings in connection with the assessment for said street work were thereby validated.

But so far as the statute attempts to vitalize a dead contract and validate a void assessment for street work, it is unconstitutional and void.  (*People* v. *Lynch*, 51 Cal. 15; *People* v. *McCune*, 57 Cal. 153; *Brady* v. *King*, 53 Cal. 44.)

Judgment affirmed.

Ross, J., and McKINSTRY, J., concurred.