[No. 9004.   Department Two. — April 27, 1886.]

## PETER DOUGHERTY, Appellant, v. JAMES COFFIN, Respondent.

Street Assessment — Completion of Work — Expiration of Time for — Extension of by Supervisors. — Where the contract time for the completion of the work of grading a street in the city and county of San Francisco has been extended by the board of supervisors, and the extension has expired without the work being completed, the board has no power to further extend the time for its completion.

Id. — Protest against Extension — Appeal to Supervisors — Estoppel. — The owners of lots against which the assessment is levied are not estopped from disputing its validity because they protested against the extension and appealed from the assessment to the board of supervisors.

Judgment — Reversal — Immaterial Error. — A judgment will not be reversed for a harmless and immaterial error.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

*McAllister & Bergin*, for Respondent.

Belcher, C. C. — This is an action to enforce payment of a street assessment for grading a portion of Mason Street in the city and county of San Francisco.

In the court below, judgment was entered in favor of the defendant, and the appeal is by the plaintiff from the judgment and an order denying a new trial.

It appears from the record that a contract to grade Mason Street from California to Sacramento streets was made and dated January 15, 1873, and the work was to be commenced within six days and completed within

150 days after its date.   Four extensions of the time to complete the work, of ten days each, were then granted by the board of supervisors, the last expiring July 23, 1873.   The work was not completed, and nothing further appears to have been done till March 29, 1875, when a further extension of 645 days was granted.   After this time had expired, other extensions were granted in 1875, 1876, and 1877.   The work was completed in January, 1877, and the assessment was made in April, 1877.

In 1876, certain owners of lots affected requested the board not to grant any further extension of time; and after the assessment was issued, they appealed therefrom to the board, and claimed that it had been issued without authority of law and was void.

1.  That the board of supervisors had no power to grant the extension of 645 days, or any subsequent extension, is no longer an open question in this court.   It is settled law that when that order was made, the contract was dead, and the board had no power to call it back to life. (*Beveridge* v. *Livingstone,* 54 Cal. 54;   *Owens* v. *Heydenfeldt,* 6 West Coast Rep. 149;   *Torrens* v. *Townsend,* 6 West Coast Rep. 149;   *Fanning* v. *Schammel,* 68 Cal. 428.)

2.  The claim that the defendant is estopped from questioning the validity of the assessment because the owners of lots protested against the extension, and appealed from the assessment to the board, cannot be maintained.   The assessment was void, and the board had no power to validate it.

To avoid litigation and expense, the owners might properly ask the board to set aside the assessment, but we fail to see how an erroneous refusal to grant their application could create any estoppel against them.   As well might it be said, if one against whom a void judgment had been entered, should ask the court to set it aside, and his application should be denied, that he would afterwards be estopped from questioning the validity of the judgment.

In *Mahoney* v. *Braverman*, 54 Cal. 365, it appeared that an appeal had been taken from the assessment, which had been dismissed upon the report of the city and county attorney, and it was held that the assessment was void because the work was not completed within the time specified in the contract, and that it was not made valid by the appeal.

3. Conceding that some of the findings are not justified by the evidence, still, the judgment cannot be reversed if finding No. 10 is sustained. That finding covers the whole ground of failure to complete the work within the time limited in the contract, and the first four extensions which were properly made. There is no claim that finding No. 10 is not fully justified by the evidence, and the other findings are therefore immaterial.

For harmless and immaterial errors, judgments are never reversed.

We find no error in the record, and the judgment and order should therefore be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.