[No. 9732. Department One. — March 26, 1888.]

## M. DOANE, RESPONDENT, *v.* S. O. HOUGHTON ET AL., APPELLANTS.

PLEADING — AMENDMENT — STRIKING OUT NAMES OF DEFENDANTS. — The amendment of a complaint by striking out of the caption the name of certain of the defendants who were not proper parties, without filing an amended complaint, while not commendable as a method of amending, is without prejudice to other defendants who are properly parties.

ID. — AMENDMENT DURING TRIAL — STREET ASSESSMENT. — In an action to foreclose a street assessment, the court may on the trial permit the complaint to be amended by omitting the names of certain defendants who are shown by the evidence to have no interest in the property against which the lien is sought to be foreclosed.

ID. — WORK NOT INCLUDED IN ORDER — CROSSINGS — ASSESSMENT. — The action was brought to foreclose a street assessment for work done in

the city and county of San Francisco, under the act of April 1, 1872. The work ordered by the board of supervisors was for curbing and side-walking Second Street, from Folsom to Harrison streets. The notice, bids, award, and contract mentioned the corners, which were between the points named, but it did not appear whether they were portions of the sidewalk or of a crossing. No mention was made in the assessment of any work except curbs and sidewalks. *Held,* that on an appeal from a judgment foreclosing the assessment, it could not be held that any part of a crossing was included in the assessment.

ID. — ESTABLISHMENT OF SIDEWALK — COMPLAINT NEED NOT ALLEGE. — In such an action, the complaint need not allege that the width of the side-walk to be constructed had been established by the board of supervisors before the institution of the proceedings for doing the work.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to foreclose the lien of a street assessment on a lot of land in the city and county of San Francisco, for work done under the act of April 1, 1872. Judgment was rendered in favor of the plaintiff, from which the defendants took an appeal on the judgment roll alone. The main points relied upon by the appellants for a reversal were: 1. That the work ordered by the board of supervisors, to wit, curbing and sidewalking Second Street, from Folsom to Harrison streets, did not authorize a contract for making sidewalks on that part of Second Street between those termini, which constituted the corners opposite where Dow's Place, a small intermediate street, terminated in Second Street; and 2. That the complaint was insufficient, because it did not allege that the width of that part of the street on which the sidewalks were to be constructed had been established before the institution of the proceedings for doing the work. The further facts are stated in the opinion of the court.

*Taylor & Haight,* and *Tobin & Tobin,* for Appellants.

The attempted amendment was irregular, in fact was not an amendment at all, as a pleading cannot be amended in any other manner than by a writing which

sets out the proposed amendment. Consequently the judgment was erroneous because based upon unwritten pleadings. (*Windsor* v. *McVeigh*, 93 U. S. 283.) The work as ordered by the board was for curbing and side-walking. The notice for proposals, however, included work on the corners, as did the resolution of award and the contract. The contract was, therefore, null and void, as being for other work than that authorized by the board. (*Dougherty* v. *Hitchcock*. 35 Cal. 523; *Stockton* v. *Whitmore*, 50 Cal. 555.)

*J. M. Wood*, for Respondent.

It was within the discretion of the trial court to permit the complaint to be amended by striking out the names of those defendants who had no interest in the property affected by the assessment. (*Mendelsohn* v. *Anaheim L. Co.*, 40 Cal. 657; *Russell* v. *Hill*, 59 Cal. 21; *De Celis* v. *Porter*, 65 Cal. 3; *Harney* v. *Corcoran*, 60 Cal. 317.) The complaint was sufficient under the statute (Stats. 1871–72, p. 916, sec. 13), because if the width of the sidewalks to be constructed had not been established by order, it was a matter purely of defense.

PATERSON, J.—This action is to enforce the lien of a street assessment. Defendant appealed from the judgment. At the trial, on motion of plaintiff, the action was dismissed as to certain defendants, and the complaint, by direction of the court, was amended by striking out of the caption thereof the names of said defendants, without filing an amended complaint.

This method of amending a pleading cannot be commended. It is irregular, and such mutilations are not only slovenly, but dangerous. These defendants, however, were not prejudiced by the action of the court. Upon the evidence the court found that the property was owned by the remaining defendants only. We think the court committed no error in allowing the amendment. (Code Civ. Proc., secs. 469, 470.) Even if the order had

not been made, the judgment on the findings could not have been against the other defendants, whether served or not. There is nothing to show that the defendants dismissed from the case were ever served. The authorities cited, therefore,—*Clarke* v. *Porter*, 53 Cal. 410, and *Millikin* v. *Houghton*, 4 Pac. Rep. 914,—do not apply. Furthermore, there is no bill of exceptions, and the judgment does not show that there was any objection made by appellant.

2. The work ordered by the board was for curbing and sidewalking Second Street, from Folsom to Harrison. The notice, bids, award, and contract mentioned the corners, but it does not appear whether the corners mentioned were a part of the sidewalk,—i. e., a part of the work ordered,—or whether they were portions of a crossing. They were between the points named, and no mention is made in the assessment of anything except curbs and sidewalks. We cannot say from the judgment roll that any part of a crossing is included in the assessment.

3. Section 13 of the act of April 1, 1872, under which this work was done, provides that "the complaint need not show any of the proceedings prior to the issuance of the assessment, diagram, and certificate; but it shall be held legally sufficient if it shows the title of the court in which the action is brought by the parties plaintiff and defendant, the date of the issuance of the assessment, the date of the recording thereof, the book and page where recorded, a general statement of the work done, a description of the lot or lots sought to be charged with the assessments, the amount assessed thereon, that the same remains unpaid, and the proper prayer for relief."

Want of jurisdiction to order the work is one of the defenses allowed by the act. (Stats. 1871–72, p. 816.)

We think the complaint states sufficient facts.

The judgment is affirmed.

McKinstry, J., and Temple, J., concurred.