# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

## G. RAISCH, Respondent, v. THE CITY AND COUNTY OF SAN FRANCISCO, Appellant.

SAN FRANCISCO — LIABILITY OF CITY AND COUNTY — CONTRACT FOR STREET IMPROVEMENT — EXTENSION OF TIME. — Any extension of time for the performance of a contract for a street improvement in San Francisco made after the expiration of the time limited in the contract, whether by order of the board of supervisors or by the superintendent of streets, is absolutely void, not only as respects assessments upon abutting property owners, but also as respects the liability of the city and county to pay for the improvement. The statute makes time of the essence of contracts for street-work in all cases.

ID. — KNOWLEDGE OF UNFINISHED WORK — ESTOPPEL. — The fact that such extension was made with knowledge that the work had not been finished, and that upon the faith thereof the contractor expended money in good faith to complete the contract, cannot cure the invalidity of the extension. No void act of a municipal officer, done without authority of law, can be cured by aid of the doctrine of estoppel.

ID. — CONDITIONAL LIABILITY OF CITY AND COUNTY. — The city and county of San Francisco is not liable either upon an express or implied contract to pay for a street improvement, unless it is alleged and shown that no assessment had been made, or that the property holders had resisted it and had not paid the amounts assessed, through no fault of the contractor. It should appear how much, if anything, has been paid by abutting owners.

ID. — ASSUMPSIT FOR STREET IMPROVEMENT — PLEADING — QUANTUM MERUIT. — When the complaint declares upon an express contract for a street improvement, and there is no allegation as to what the work done was worth, there can be no recovery upon *quantum meruit*.

LXXX. CAL.—1

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George Flournoy, Jr.,* and *Garber & Bishop,* for Appellant.

*D. H. Whittemore,* and *William M. Pierson,* for Respondent.

PATERSON, J.—This is an action to recover the sum of $3,728.50, claimed to be due from defendant to plaintiff for work done under a contract between the plaintiff and the superintendent of streets.

It is alleged in the complaint that the board of supervisors, on August 22, 1876, adopted a resolution of intention to lay asphaltum sidewalks on Third Street from Market to Mission; that the resolution was published for ten successive days; that a resolution ordering the work was passed September 11, 1876; that notice of the proposed work was duly published and posted by the clerk; that plaintiff, among others, put in a sealed proposal, and accompanied it with a certified check in the sum of five hundred dollars; that on October 2, 1876, the contract for doing said work was awarded to plaintiff, which award was afterward duly published; that thereafter, October 13, 1876, the superintendent of streets, in his official capacity, and plaintiff entered into an agreement wherein plaintiff agreed to perform the work in a good and workmanlike manner, etc.; that plaintiff gave bonds in the sum of one thousand dollars and five hundred dollars; that said contract was duly recorded; that plaintiff duly performed all the conditions according to the terms of the contract, and to the satisfaction of the superintendent; that the contract price of the work was $3,728.50. The complaint then

alleges that in December, 1863, that portion of Third Street in question having been constructed to the satisfaction of the superintendent and committee of streets, said committee recommended the adoption of a resolution by the board of supervisors accepting said portion of Third Street, "excepting the sewering necessary in Third opposite the small or subdivision streets"; that such resolution, after being passed to print and published five days, was adopted by the board on January 4, 1864, and signed by the mayor.  The only allegation of non-payment of plaintiff's demand is "that on the second day of January, 1877, plaintiff presented to said board of supervisors a demand for the payment of said sum of $3,728.50 for said work, but that said board rejected and disallowed said claim, and refused to pay the same."

The amended answer sets out in substance that the only contract between plaintiff and the superintendent of streets for said work was made on October 12, 1876. A copy of the contract is annexed to the answer.  By the terms of this contract the plaintiff was to perform the work in a good and workmanlike manner, commencing the same within five days and completing the same within twenty days after the date of said contract, at the rate of four dollars and fifty cents per front foot for sidewalks and seventy-five dollars for each crossing, and that the said superintendent should make an assessment to pay for the same, and that the said city and county should in no case be liable therefor (except where otherwise provided in the acts mentioned in said contract), or for any delinquency in said assessment.  It is further alleged that the plaintiff did not perform the work in a good or workmanlike manner, or within the time specified in said contract, and that no extensions of said time were ever given or permitted to be given, except certain attempted extensions, none of which were given within the twenty days specified in the contract.  The

answer denies that the board of supervisors ever acquired jurisdiction to adopt a resolution accepting that portion of Third Street referred to, or that the street was ever constructed to the satisfaction of the superintendent or said committee, or that the resolution of acceptance was ever published or legally passed. The answer further alleges that certain specific sums, amounting to $549.40, were at various times paid and accepted by the plaintiff on an assessment which had been made by the superintendent pursuant to the contract.

It is claimed by counsel for the appellant that, inasmuch as it is not shown, either by the pleadings or in the findings, that the portion of Third Street in question had ever been constructed so as to give the board jurisdiction to accept it, and that the alleged acceptance was partial only, the proceedings of the board were void, and the defendant was not liable under any circumstances for work performed on said street. In view of the conclusion we have reached upon another point in the case, we deem it unnecessary to pass upon this question.

The court found the fact to be as alleged by defendant, that the work was done under the contract set forth in the answer; that the work was not performed within the twenty days mentioned in the contract, but was performed within the time given in certain extensions; that the resolutions granting said extensions were not given within the twenty days mentioned in the contract, but were given before the work was completed, "with full knowledge that said work was not completed, and to induce said plaintiff to complete the same."

It has been held in many cases that neither the board of supervisors nor the superintendent of streets possesses the power to grant any extensions of time for the performance of work, under such a contract, after the expiration of the time limited in the contract, and that any order granting such extension is absolutely void. (*Beveridge* v. *Livingstone,* 54 Cal. 54; *Fanning* v. *Schammel,*

68 Cal. 428; *Dougherty* v. *Coffin*, 69 Cal. 454.)   It is claimed, however, by respondent that the rule laid down in these cases does not apply in an action brought against the city on a contract for performing the work for the city; that the cases cited were between contractors and property owners, and were based upon the principle that in all proceedings *in invitum* an assessment cannot be imposed without a strict compliance with the law. There is nothing said, however, in the cases cited which limits the rule to actions upon assessments against abutters. The decisions in those cases seem to have been based upon the idea that the statute itself makes time the essence of contracts for street-work. The provision which is construed to prohibit the extension of the time of performance after the expiration of the time named in the contract, or any previous extension, evidently was not intended simply to protect abutters, because the same provision in terms applies where the owners themselves undertake to perform the work. (Stats. 1871–72, p. 808.)   It seems to have been the intention of the legislature to secure punctual completion of street improvements, whoever might undertake them, and to prevent the revival of contracts long after they had expired, and at a time when, under a new contract, the improvement might be made more cheaply. The object is equally important whether work is to be paid for by the city or by the owners, and there is no reason why an improvement upon an unaccepted street should be completed within the time prescribed in the contract, while contractors for work on accepted streets should be permitted to perform the work at their leisure, under grants of extensions made through the grace or improvidence of the board of supervisors.   "Accepted streets" are generally in those portions of the city in which traffic and travel are greatest. It would seem that greater promptitude should be required with respect to them than in the case of "unaccepted streets," where a fewer

number would suffer from the effect of torn-up pavements, débris, etc. The provision which forbids extensions of time after the expiration of the contract time is general and comprehensive, and applies to all contracts made under the act. There is nothing in the language used to limit it to any particular class of contracts, or to any particular class of streets, and we could not, without ingrafting an exception upon the statute, sustain the contention of the appellant in this regard.

The fact that the extension was made with the knowledge that the work had not been finished, and that upon the faith of such extension plaintiff expended money in good faith, as is found by the court below, cannot cure the invalidity of the extension. A knowledge that the work has not been completed is presumed always from the fact of extension. There would be no necessity for an extension of time if the work were finished. It is doubtless true, also, that when work is performed under a contract of this sort, after the contract has expired, it is done upon the faith of the extension; but "where there is no power or authority vested by law in officers or agents, no void act of theirs can be cured by aid of the doctrine of estoppel." (2 Herman on Estoppel and Res Adjudicata, 1365; *Martin* v. *Zellerbach,* 38 Cal. 300; 99 Am. Dec. 365; *Thompson* v. *Doaksum,* 68 Cal. 593; *Zottman* v. *San Francisco,* 20 Cal. 96; 81 Am. Dec. 96.)

There are other matters fatal to a recovery by plaintiff herein. It was expressly agreed by the parties to the contract that the city and county should not "be liable for any portion of the expense of the work aforesaid, nor for any delinquency of the persons or property assessed," except where it is otherwise provided in the acts referred to. If the plaintiff can hold the city and county liable at all under this contract, it must be upon a failure to obtain payment through the assessment; and to recover, it would be necessary for him to allege and show, either that no assessment had been made, as

provided in the contract, or that after the issuance of such assessment, the property holders had resisted the assessment, and had not paid the amounts assessed to them. No such thing is averred, proved, or found herein. Furthermore, it is alleged in the answer that some of the lot-owners have paid their assessments, — amounting in all to $549.40. Upon this issue the findings are silent. The court has found, it is true, that the city has paid no part of the $3,728.50, but there is nothing to show how much, if anything, has been paid by the abutters.

If it be claimed that the plaintiff is entitled to recover upon a *quantum meruit,* it is sufficient to say that there is nothing in the complaint, and nothing in the findings, to sustain a judgment for the plaintiff on any such theory. The complaint counts entirely upon the express contract, and the findings follow it. There is no averment that the work performed by plaintiff was worth anything. Plaintiff's action is founded upon a contract which shows upon its face that it was made under the provisions of the act of April 1, 1872. The contract shows upon its face that it was the intention of the parties thereto to be governed by the provisions of that act; that is to say, if defendant can be held liable at all, it is clear that the parties understood that the plaintiff was first to exhaust his remedy against the owners and their land by an assessment, before the city should in any event be liable. The provisions of the act have become a part of the contract, and the rights of the parties should be measured by them. It is a contract to make an assessment to pay for the proposed improvement. There is no allegation or finding that the defendant, or its agents, have refused to comply with the terms of the contract, and there is no finding that the assessment agreed to be made was not in fact made, as alleged in the answer. Therefore, if there could be a recovery upon an implied contract, or *quantum meruit,* upon a failure to follow the mode prescribed by law, plaintiff is

not entitled to recover here, because, as we have seen, there are no averments or findings of fact from which such implied contract could arise. It will not do for the plaintiff to say that an assessment, if issued, could not have been enforced,—that the abutters could not have been compelled to pay for the work. It is not entirely clear that such would be the fact (*San Francisco* v. *Certain Real Estate,* 42 Cal. 513; *State* v. *Newark,* 37 N. J. L. 424); but assuming it to be so, before the plaintiff can recover on an implied contract, he must show either that no assessment has been made, or that, if made, there has been a failure to enforce it through no fault of his own.

Judgment reversed, and cause remanded for a new trial.

WORKS, J., and BEATTY, C. J., concurred.

Hearing in Bank denied.