[No. 12354.   Department Two. — November 7, 1889.]

## PETER DOUGHERTY, APPELLANT, *v.* NEVADA BANK, RESPONDENT.

SAN FRANCISCO — CONTRACT FOR STREET WORK — EXTENSION OF TIME — POWER OF SUPERVISORS — VOID ASSESSMENT. — There can be no valid extension of time to complete a contract for street work after the time for its performance has expired, and it is not in the power of the supervisors to validate a void assessment for such work by refusing to set it aside as invalid upon appeal.

FINDINGS — IMMATERIAL ISSUES. — The failure of the court to find upon minor and immaterial issues is not ground of reversal, if the controlling issues are found against the appellant, and findings either way upon such minor issues would not alter the result.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court, and in the case of *Dougherty* v. *Coffin*, 69 Cal. 454, referred to in the opinion.

*W. T. Baggett*, for Appellant.

*W. H. L. Barnes*, for Respondent.

McFARLAND, J. —This is an action to enforce a street assessment for grading a part of Mason Street between California and Sacramento streets, in San Francisco. Judgment went for defendant, and plaintiff appeals.

The court finds that the contract was made on Jan-

uary 15, 1873; that the work was to be performed within one hundred and fifty days from the making of the contract; and that the work was not performed within that time, or within any time extended for its performance. There were attempts to extend the time years after its expiration; but, as before held by this court, such attempts were futile. The contract was made under the statute of 1871–72; and the case is on all fours with the case of *Dougherty* v. *Coffin*, 69 Cal. 454. There is nothing in the point that the court failed to find on some minor issues; having found against appellant as above stated, the other matters were entirely immaterial. It would make no difference which way they were found.

Judgment and order denying a new trial affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.