[No. 13327.   Department One. — May 29, 1891.]

# J. BROCK, APPELLANT, *v.* N. LUNING, RESPONDENT.

STREET IMPROVEMENT — EXTENSION OF TIME. — Under the act of 1872, neither the board of supervisors of the city and county of San Francisco nor the superintendent of streets possesses the power to grant extensions of time for the performance of work under a street contract after the expiration of the time limited in the contract, and an order granting such extension is void.

ID. — VOID ASSESSMENT — PROCEEDINGS IN INVITUM. — Proceedings upon which a street assessment are based, being *in invitum*, must be strictly pursued in strict compliance with the law under which they are taken, else the assessment will be void.

ID. — CONTRACT FOR STREET-WORK — TIME FOR COMPLETION — POWER OF SUPERINTENDENT OF STREETS — EXCESSIVE ALLOWANCE OF TIME. — The award by the board of supervisors of a contract for a street improvement is the measure of the power of the superintendent of streets as to the time for the completion of the work, which is of the essence of the contract; and if the contract entered into by the street superintendent does not follow the award, but grants more time for the completion of the work than is specified in the award, it is not the contract he was authorized to make, and is therefore invalid; and an assessment based upon such void contract is also void, and cannot be enforced.

ID. — FAILURE TO APPEAL — VOID CONTRACT — GRIEVANCE OF PROPERTY OWNER — ESTOPPEL. — Where the action of the superintendent of streets in awarding a contract is void, the failure of the property owner to appeal, under section 12 of the law of 1872, to the board of supervisors, would not render the void contract valid; nor would the failure of the contractor to appeal create a grievance on the part of the property owner, or estop him from complaining of a void assessment based upon the contract.

ID. — RIGHT OF APPEAL — PARTY "AGGRIEVED." — A property owner whose property has been assessed under a void contract for street-work is not a party "aggrieved," and is not entitled to appeal from the action of the street superintendent in letting the contract.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*J. M. Wood,* and *J. C. Bates,* for Appellant.

The fact that the contract signed by the superintendent allowed five days more time for the completion of

the work than was allowed by the award and notice for bids did not render the contract void; but it was a mere irregularity in the procedure after jurisdiction obtained, and not prejudicial to the rights of property owners. (*Matter of Upson*, 89 N. Y. 73; Laws of 1872, sec. 12; Stats. 1871–72, p. 807.) The property owners had a right of appeal to the board of supervisors if dissatisfied with the contract. (*Blair* v. *Luning*, 76 Cal. 134, and cases cited; *Jennings* v. *Le Breton*, 80 Cal. 8; *Spaulding* v. *N. S. F. H. & R. R. Ass'n*, 87 Cal. 40.) Even if the law is mandatory, and the extra five days invalid and void, the contract is good as to the twenty-five days, under well-settled rules of construction. (*Bryan* v. *Maume*, 28 Cal. 241; *Baker* v. *Superior Court*, 71 Cal. 583.)

*Langhorne & Miller*, for Respondent.

An extension of time can only be granted by the board, and then only within the time limited in the contract, and the superintendent of streets has no jurisdiction to fix the time or grant an extension thereof otherwise than as authorized by the board. (*Raisch* v. *City and County of San Francisco*, 80 Cal. 5; *Beveridge* v. *Livingstone*, 54 Cal. 54.) The action of the superintendent being void and in excess of his jurisdiction, such act does not become valid by reason of any failure to appeal; for, being void, the property owner cannot be aggrieved, and has no reason to appeal. (*Burke* v. *Turney*, 54 Cal. 486; *City of Stockton* v. *Creanor*, 45 Cal. 647.) Where the superintendent makes a contract either prematurely or in violation of the award as to time, which is of the material essence of such contracts, he violates the statute, and the contract is void; and when the work is done under such void contract, the correction of the contract is beyond the power of the board on appeal. (*Dougherty* v. *Hitchcock*, 35 Cal. 526.) Such correction is as much beyond the power of the board as it is beyond the power of the legislature to pass an act attempting to legalize a

void assessment. (*People* v. *Goldtree*, 44 Cal. 323; *People* v. *Lynch*, 51 Cal. 11; 21 Am. Rep. 677; *Brady* v. *King*, 53 Cal. 44; *Kelly* v. *Luning*, 76 Cal. 309.) The statutory provisions for fixing and extending time for the performance of street contracts are mandatory, and must be strictly construed. (*Beveridge* v. *Livingstone*, 54 Cal. 54; *Fanning* v. *Schammel*, 68 Cal. 428; *Dougherty* v. *Coffin*, 69 Cal. 454.) The award of the contract constituted the sole authority to the superintendent, who acted ministerially only in making the contract under it; and the contract, by reason of variance between its terms and the award, was unauthorized and void. (*Dougherty* v. *Hitchcock*, 35 Cal. 512.) As the contract was unauthorized, the defect was not one that could be cured by appeal; for when the time for appeal came the work had been done, and the mischief past remedy. (*Emery* v. *Bradford*, 29 Cal. 86.)

The Court. — This appeal is from a judgment in favor of the defendant, and is brought up on the judgment roll alone.

The action was instituted to foreclose a street assessment made by the superintendent of streets of the city and county of San Francisco. The court below found that the contract entered into by that officer and the person to whom the street-work was awarded by the board of supervisors of that city and county was void, because the time within which it specified the work was to be done was a different time than that authorized by the board in the notice inviting sealed proposals by bidders to do the work, and in the award of the contract; and that the assessment based upon such void contract was also void, and not to be enforced.

It seems from the findings that the time specified in the published proposal to bidders and in the award of the contract was twenty-five days from the signing of the contract, but the contract actually made and entered into by the superintendent of streets and the contractor

to whom the assessment was issued was, that the work should be completed in thirty days from the signing of the contract.

The appellant contends that the difference in time between the contract authorized to be entered into and that actually entered into was a mere irregularity, and did not affect the validity of the assessment, the board of supervisors having once acquired jurisdiction to do the work; and that the defendant could have appealed to the board of supervisors under section 12 of the street act of 1872, and that not having done so, the assessment was valid, and should have been enforced.

He further claims that even if the contract was void as to five days of the time specified therein in which it was agreed to be done, yet it was good as to twenty-five days, and if the work was done in that time, the assessment was properly made.

It has been held in many cases that neither the board of supervisors nor the superintendent of streets possesses the power to grant extensions of time for the performance of work under a street contract after the expiration of the time limited in the contract, and that an order granting such extension is void. (*Raisch* v. *City and County of San Francisco*, 80 Cal. 4; *Beveridge* v. *Livingstone*, 54 Cal. 54; *Fanning* v. *Schammel*, 68 Cal. 428; *Dougherty* v. *Coffin*, 69 Cal. 454.)

" The statute itself makes time of the essence of contracts for street-work." (*Raisch* v. *San Francisco*, 80 Cal. 5.)

The extension of time after that contracted for has expired is forbidden because of the fact that the contract entered into by the superintendent of streets, as the mere ministerial act of an agent to do a certain thing under the statute, must follow the letter of authority, which is the resolution of award made by the board of supervisors.

If after the time mentioned in the award as that

within which the work to be contracted for must be finished, and which is then put into the contract and becomes of the essence of it, cannot be extended after it has expired, can it not be said that by parity of reason the ministerial agent cannot go outside in the inception of his ministerial act of his letter of authority, and extend the time in making the contract, thus making the time, which is of the essence of the contract, different from that in the award, which is the very source of his authority?

If he can thus diverge from the letter of his authority to the extent of five days, he can do so for five thousand, and so the very object of the law — that is, that the board of supervisors shall be the power to fix the time within which street-work is to be done — is done away with, and the discretion of the superintendent of streets, not contemplated by the street act, is substituted.

If it should be argued that the notice to bidders to make proposals, and the putting in of a bid, and the award of the contract, shall be said to authorize the contractor to do the work in the time mentioned in the award, without entering into the written contract with the superintendent of streets, or giving the bonds required by law, then it would appear that these last conditions necessary to be done, as prescribed in the law of 1872, pages 808, 809, are superfluous, and need not be regarded.

This view cannot be maintained. Time is of the essence of the contract, and it must be the time set out in the award; and the proceedings upon which such an assessment as here involved are based, being *in invitum*, must be strictly pursued in strict compliance with the law under which they are taken. (*Raisch* v. *San Francisco*, 80 Cal. 5.)

The award by the board of supervisors of the contract here was the measure of the superintendent's power as to the time, which was to be of the essence of

the contract. If the contract, by him a purely minis-
terial act, did not follow the award, it was not the con-
tract which he was authorized to make, and it was
therefore invalid. (*Dougherty* v. *Hitchcock*, 35 Cal. 524.)

As the action of the superintendent of streets was
void, it could not become valid by the failure of the
property owner to appeal, under section 12 of the law of
1872, to the board of supervisors. He could not appeal
unless "aggrieved." Such owner was not aggrieved; for
the contract made was void, and affected his rights no
more than would a void judgment.

"The failure of the contractor to appeal did not
operate, — 1. To *create* a grievance on the part of the
defendants; or 2. To *estop* them from complaining of
it." (*Burke* v. *Turney*, 54 Cal. 486.)

.The judgment is affirmed.