[S. F. No. 9134. In Bank.—February 15, 1921.]

## THE OAKLAND PAVING COMPANY (a Corporation), Appellant, v. WHITTELL REALTY COMPANY (a Corporation), Respondent.

[1] Street Law—Completion of Work—Extension of Time After Expiration of Contract Period—Informality in Prior Proceedings—Curative Provision of Improvement Act of 1911.—The failure of a street contractor to secure an extension of time for the completion of the work until the day after the contract period had expired was a mere defect or informality in the proceedings which was cured by the provisions of section 26 of the Improvement Act of 1911 (Stats. 1911, p. 730), providing no proceedings prior to the assessment shall be held invalid by any court for any error, informality, or other defect in the same, where the resolution of intention had been actually published and notices of improvement posted before the passage of the resolution ordering the work to be done.

CLXXXV Cal.—8

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Reversed.

The facts are stated in the opinion of the court.

Johnson & Shaw and R. M. F. Soto for Appellant.

Reed, Nusbaumer & Bingaman and J. P. Langhorne for Respondent.

WILBUR, J.—This is an action to foreclose an assessment for the improvement of a street in Oakland. The only defense interposed is that the work was not completed within the time limited in the contract. The court found that the work had not been completed within such time and therefore held the assessment void. The case was appealed to this court and transferred to the district court of appeal (first district, division one), which reversed the lower court, holding that the curative provisions of section 26 of the "Improvement Act of 1911" (Stats. 1911, p. 730), under which the work was done, validated the assessment notwithstanding the finding that the work was not completed in time. The respondent petitioned this court for a transfer after the decision in the district court of appeal upon the ground that the decision squarely overruled a long line of decisions by this court upon the effect of the failure to complete a contract within time. The cases so claimed to be overruled are the following: *Beveridge* v. *Livingstone,* 54 Cal. 54; *Fanning* v. *Schammel,* 68 Cal. 428, [9 Pac. 427]; *Dougherty* v. *Coffin,* 69 Cal. 454, [10 Pac. 672]; *Dougherty* v. *Nevada Bank,* 81 Cal. 162, [22 Pac. 513]; *Brock* v. *Luning,* 89 Cal. 316, [26 Pac. 972]; *Palmer* v. *Burnham,* 120 Cal. 364, [52 Pac. 664, 1080]; *Kelso* v. *Cole,* 121 Cal. 121, [53 Pac. 353], and *Union etc. Co.* v. *Campbell,* 2 Cal. App. 534, 535, [84 Pac. 305].

The petition of the respondent was granted not only because of the apparent force in its contention, but also for the reason that at the time we had under consideration a similar question arising under a street improvement procedure ordinance of San Francisco, in which ordinance the exact language of section 26 of the Improvement Act of 1911, *supra,* was contained.

Appellant claims that the curative provisions of the Improvement Act of 1911, section 26, *supra,* establish the validity of the assessment notwithstanding a failure to complete the work in time. This provision appears for the first time in that act and is as follows: "Sec. 26. . . . No assessment, warrant, diagram or affidavit of demand and non-payment, after the issue of the same, and no proceedings prior to the assessment, shall be held invalid by any court for any error, informality, or other defect in the same, where the resolution of intention of the council to do the work, has been actually published as herein provided, and said notices of improvement have been posted along the line of the work, as provided in section five of this act, before the passage of the resolution ordering the work to be done."

Respondent in turn claims that this provision is so similar in scope and effect to that contained in previous laws, particularly that of 1871–72 (sec. 12, p. 804), that the above decisions rendered under such statutes are decisive of the question, and that the assessment is therefore void, notwithstanding the above curative clause.

The question then is this: Is the failure to complete the work under this contract an "error, informality, or other defect in the proceedings prior to the assessment" within the meaning of section 26, *supra,* and, if so, has the legislature the power to prohibit the courts from declaring an assessment void on that account?

In the case at bar the contract was signed December 30, 1911. The contractor was given 150 days from the date of the contract to perform the work. That time would ordinarily expire on May 29th of the succeeding year, but as 1912 was a leap-year, it expired May 28th. Apparently overlooking this fact the order of extension was made May 29th.

The work was accepted and an assessment issued July 5, 1912. The only evidence adduced by the respondent on the question of the completion of the work was the categorical answer "no" to the question, "Was the work completed May 29, 1912?" addressed to its witness, and the further testimony given by the same witness that on June 15, 1912, some of the contractor's employees were working upon the street. There is no evidence whatever as to the amount of work uncompleted on May 29, 1912, or as to

what work was being done on June 15th. The testimony of
the defendant would be entirely consistent with the fact that
on May 29th some trifling imperfection in the work was not
completed and that this imperfection was being completed
on the fifteenth day of June next, or that the work done
in June might have been the remedying of some defect
which had been discovered after its acceptance by the street
superintendent. Although, of course, the failure to com-
plete the work may have been much more extensive.

In the case of *Chase* v. *Trout*, 146 Cal. 350, [80 Pac.
81], it was flatly decided that the curative provision con-
tained in the amendment to the Vrooman Act [Stats. 1885,
p. 147], sometimes called the Bond Act, making the bond con-
clusive evidence of the regularity and validity of all previ-
ous proceedings was valid to the extent that nonjurisdic-
tional matters were cured by the issuance of the bond.
And it was accordingly flatly held that a failure to perform
the work in time was cured by the issuance of the assess-
ment and bond. It was thereby affirmatively established
that the legislature had power to embody in the statute
authorizing the assessment a curative provision which would
validate the assessment, notwithstanding the fact that the
contract work was not completed in time. It follows from
this decision that if the curative provision of the law of
1911 is broad enough to cover the same subject, it is a
valid exercise of legislative power and the assessment in
this case must be sustained even though we should hold that
the work was not completed in time.

The above-quoted curative provision of the law of 1911
is contained in section 26, which also regulates the right of
appeal to the local legislative body and declares the effect
of such appeal or the failure to appeal.

It is impossible to avoid the conclusion that a failure to
secure an extension of time on the exact day when the
contract expired or before is a mere defect or informality
in the proceedings, where the contractor has been proceed-
ing diligently day after day as the law and contract pro-
vides, and has failed to complete the work within the time,
which was fixed after his bid to do the work had been
accepted. If the extension had been made on the exact day
when it should have been made there would have been no

defect and no informality, and consequently no necessity for the operation of any curative provision.

It is, however, contended by the respondent that this proviso is very similar to, if not identical with, provisions in previous laws which have been already passed upon by the court. Without reviewing the whole course of these decisions, it is sufficient to say that in the earlier provisions of the Consolidation Act of San Francisco, the character of defense which could be interposed in an action upon a street assessment lien was specified in the law. The Consolidation Act of 1862 (Stats. 1862, p. 398, subd. 12), after providing for an appeal and authorizing the board of supervisors to correct assessments, provides: "All the decisions and determinations of said Board, upon notice and hearing as aforesaid, shall be final and conclusive upon all persons entitled to an appeal, under the provisions of this section, *as to all errors and irregularities which said Board could have remedied and avoided.*" (Italics ours.)

The law of 1871–72, pages 804, 815, section 12, also provided for an appeal to the board of supervisors. It also provided: "And all the decisions and determinations of said Board of Supervisors shall be final and conclusive upon all parties entitled to an appeal. . . . After jurisdiction to order any work has been obtained, no irregularity in any of the subsequent proceedings shall render any assessment illegal."

The Vrooman Act of March 18, 1885 (Stats. 1885, p. 156, sec. 11), provided for an appeal to the city council, but added the following proviso: "All the decisions and determinations of said City Council, upon notice and hearing as aforesaid, shall be final and conclusive upon all persons entitled to appeal under the provisions of this section, as to all errors, informalities, and irregularities which said city council might have remedied and avoided; *and no assessment shall be held invalid, except upon appeal to the city council, as provided in this section,* for any error, informality, or other defect in any of the proceedings prior to the assessment, or in the assessment itself, where notice of the intention of the city council to order the work to be done, for which the assessment is made, has been actually published in any designated newspaper of said city for the length of time prescribed by law, before the passage of

the resolution ordering the work to be done." (Italics ours.) The provision that "no assessment should be held invalid, except upon appeal to the city council where the notice of intention to order the work to be done had been actually published before the aforesaid resolution ordering the work to be done," was held in the case of *Manning* v. *Den,* 90 Cal. 610, [27 Pac. 435], *supra,* not to apply to any defects which could not be cured by the supervisors upon appeal. It is there said: "The provision, in the latter part of section 11, that 'no assessment shall be held invalid except upon appeal to the city council,' etc., has no application to a case in which an appeal is not authorized, or in which, even if taken, the city council could not have remedied the defect. The legislature did not intend to declare that the owner should be deprived of his defense to any claim upon an assessment, where the assessment was void by reason of incurable defects, because he had failed to invoke the aid of a tribunal which was powerless to grant him any relief." It will be at once observed that the clause "except upon appeal to the city council" is omitted entirely from the corresponding provision of section 26 of the street improvement law of 1911, *supra.* This omission is significant in the light of the fact that that clause was the basis of the decision in *Manning* v. *Den, supra,* which limited the curative scope of the provision to matters which could have been corrected by an appeal to the city council. The clause of section 26 under consideration here is to the effect that the proceedings shall not be held invalid *"by any court* for any error, informality, or other defect in the same," etc. If the failure to secure an extension of the time for the performance of the work, until one day after that time expired, is an "error or informality, or other defect" in the prior "proceedings," it is cured by that section. The only similar provision in any of our statutes bearing upon street improvements is that in the statutes of 1871–72, pages 804, 815, section 12, *supra.* The fundamental idea of this curative clause is similar to that in section 26 of the Improvement Act of 1911, namely, that after jurisdiction has been obtained, "subsequent irregularities shall not render the assessment illegal." The statute of 1871–72, *supra,* also contained the following: "In all suits brought to recover street assessments the proceedings therein

shall be general and regulated by the provisions of this act, and also, when not in conflict herewith, by the Civil Practice Act of this State; but no defense shall be interposed except: First—Want of jurisdiction to order work; Second —That the assessment has been paid; Third—Fraud in the assessment, or in any of the acts or proceedings prior thereto, setting out the facts showing such fraud'' (Stats. 1871–72, pp. 804, 816, 817, sec. 13). Notwithstanding these provisions, assessments under the act were held void where the contract was not completed in time (*Beveridge* v. *Livingstone,* 54 Cal. 54; *Mahoney* v. *Braverman,* 54 Cal. 565; *Dougherty* v. *Coffin, supra; Raisch* v. *San Francisco,* 80 Cal. 1, [22 Pac. 22]; *Dougherty* v. *Nevada Bank, supra; Brock* v. *Luning, supra*). However, the effect of the provisions of sections 12 and 13 above quoted is not discussed in any of these cases. The only discussion at all is on the subject of the effect of a failure to appeal to the supervisors as provided in section 12, *supra,* although the validity of section 13 of the statute of 1871–72, *supra,* limiting the defenses which may be interposed to an assessment seems to be fully recognized in several other decisions (*Nolan* v. *Reese,* 32 Cal. 484, 487; *Brady* v. *Bartlett,* 56 Cal. 350, 369; *Doane* v. *Houghton,* 75 Cal. 360, 363, [17 Pac. 426]). But, for some reason, neither the effect of these last-mentioned decisions nor of the curative provisions found in sections 12 and 13 is discussed in any of the cases. It seems to be assumed rather than decided that the act of extending the time for the completion of the work fails for lack of jurisdiction, and that, therefore, the defense is one that is permitted under the first provision of section 13, *supra,* of the law. The other curative provision in section 12, *supra,* does not seem to have been noticed or discussed. The court simply followed decisions rendered under previous statutes which did not contain this clause. It should be noted, however, in determining the effects of these decisions that the statute of 1871–72 made it mandatory upon the supervisors to relet the contract where the work was unfinished within the contract period. The language of the act of 1911 on that point is not mandatory.

We cannot therefore regard the decisions under this act as to the effect of a failure to complete the contract in time as binding upon the effect of the curative provisions of sec-

tions 12 and 13 thereof where that matter is not discussed, and apparently was not considered. Moreover, the law of 1911, having been enacted after the decision of this court in *Chase* v. *Trout, supra,* must be construed in the light of that decision. The fact that section 26 of the improvement law of 1911 differs in its provisions from the Vrooman Act and from the law of 1871–72 is also to be considered. Relating to the point under discussion is the elimination of the clause "except upon appeal" contained in the Vrooman Act, section 11, *supra.* As has been stated, it was the insertion of this clause that resulted in the determination by this court in *Manning* v. *Den,* that only errors which could be corrected upon appeal were referred to in that clause which provided that proceedings should not be held void for errors, etc., "except upon appeal." The elimination of this clause in legislation enacted after the decision in *Chase* v. *Trout, supra,* and in *Manning* v. *Den, supra,* is a clear indication of the legislative purpose to exercise its power to enact curative provisions which would prevent assessments being declared invalid because of defects, informalities, or irregularities whether they could be corrected by appeal to the city council or not.

[1] In view of the foregoing, we have no hesitation in saying that the failure of the contractor to secure his extension of time until the day after the contract period had expired, even if the work was then uncompleted, was an "informality" in the prior proceedings which was cured by the provisions of section 26.

Judgment reversed.

Shaw, J., Olney, J., Sloane, J., Angellotti, C. J., Lawlor, J., and Lennon, J., concurred.