[S. F. No. 9936. In Bank.—January 6, 1923.]

## JAMES J. FLINN et al., Appellants, v. SHAFTER REALTY COMPANY, Respondent.

[1] STREET LAW—SAN FRANCISCO—COMPLETION OF WORK—EXTENSION OF TIME AFTER EXPIRATION OF CONTRACT PERIOD—LACK OF JURISDICTION—CONSTRUCTION OF ORDINANCE.—Under the portion of section 14 of the street improvement ordinance of the city and county of San Francisco declaring in case the work is not completed within the time fixed by the contract or within such extended time as provided by the ordinance the contract shall become void and no assessment shall be made for any work done under it, the board of supervisors is without jurisdiction to grant an extension after the time provided by the contract has expired, since the failure to make such grant within the original period allowed for completion of the work is not an error or informality within the meaning of the ordinance which can be cured under section 21 by the failure of property owners to appeal to the board of supervisors.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fabius T. Finch and Paul F. Fratessa for Appellants.

Sawyer & Sawyer and F. W. Sawyer for Respondent.

LAWLOR, J.—Plaintiffs commenced this action to recover the amount of an assessment levied for street work done under a public contract in the city and county of San Francisco. The trial court found, and it is not questioned here,

that the proceedings preliminary to the awarding of the contract were regular. The contract was awarded to plaintiffs by the said city and county on June 4, 1914, and required that the work be commenced within fifteen days and completed within ninety days thereafter. On August 31, 1914, the board of public works passed a resolution recommending that the board of supervisors grant plaintiffs an extension of time of sixty days from September 2, 1914, for the completion of the work. Acting upon such recommendation, the board of supervisors passed a resolution extending the time for sixty days from September 2, 1914, but did not pass it until September 10, 1914, eight days after the original ninety-day period had expired. Various extensions of time were subsequently granted, and the work was completed on June 19, 1915, within the period of the last extension. On September 14, 1915, the work having been done in accordance with the specifications of the contract, an assessment was levied by the board of public works, among the lots assessed being one owned by defendant. No appeal was taken to the board of supervisors to have the assessment set aside, and it has never been set aside or altered.

Upon the trial it was found the assessment for street improvement was void because the work was not completed within the time specified in the contract or any legal extension thereof, and because the assessment was for more than one-half the assessed value of the property and did not provide for its payment in annual installments as provided by the charter of the city and county of San Francisco. Judgment was entered for defendant, from which plaintiffs appeal.

It is now conceded by respondent that, under the decision of this court in *Federal Construction Co.* v. *Wolfson,* 186 Cal. 267 [199 Pac. 512], the assessment was not void because in excess of one-half the assessed valuation of the property, inasmuch as the board of public works in its notice of intention to make the improvements provided that the amount of the assessment might be paid in six annual installments, the deferred payments to bear interest at the rate of seven per centum per annum. Respondent claims, however, that the assessment was void because the resolution of September

10, 1914, extending appellants' time, was passed after the original period allowed for the completion of the work had expired, and at a time when, it is asserted, the contract was void and jurisdiction to make an extension had lapsed.

Section 33, article VI, chapter II, of the charter, empowers the board of supervisors to enact an ordinance providing a procedure for street work or street improvements and for the payment of the costs by assessments. Under this provision the street improvement ordinance was adopted, section 14 of which is in part as follows: "In case of failure on the part of the contractor or said contracting owners to complete his or their contract within the time fixed in the contract or within such extension of said time as is herein provided, his or their contract shall be void, and no assessment shall be made for the work done under said contract." Section 21 of the same ordinance provides that the owners of the assessed property, "feeling aggrieved by any act or determination of the board of public works in relation thereto, or who claim that the work has not been performed according to the contract in a good and substantial manner, or having or making any objection to the correctness or legality of the assessment or other act, determination or proceeding of the said Board, shall, within thirty days after the date of the warrant, appeal to the Supervisors by briefly stating their objections in writing and filing the same with the Clerk of said Supervisors. . . .

"All the decisions and determinations of the Supervisors, upon notice and hearing as aforesaid, shall be final and conclusive upon all persons entitled to appeal under the provisions of this section as to all errors, informalities and irregularities which the Supervisors might have avoided or have remedied during the progress of the proceedings, or which they can at that time remedy." It is further provided in the same section that no assessment shall be held invalid by any court for any error, informality or other defect, where the resolution of intention of the board of public works to recommend the improvement has been published and posted and the notice of improvement posted.

Many cases have been considered by this court which involved a failure to secure a renewal of a contract for street work under the Vrooman Act (Stats. 1885, p. 147) and the

Improvement Act of 1911 (Stats. 1911, p. 730) before the expiration of the time allowed for completion of the work, but this is the first time it has been necessary to decide the effect of such a procedure under the street improvement ordinance of the city and county of San Francisco.

Respondent's contention is that by virtue of section 14 of the street improvement ordinance the contract appellants had with the city and county became void immediately upon the expiration of the time allowed for completing the work, that the board of supervisors had no power to restore it after that time, and that no curative clause could validate the extension. Many of the earlier cases decided under the Vrooman Act are cited in support of this contention and reliance is placed on the statement contained in *Federal Construction Co.* v. *Newhouse,* 186 Cal. 284 [199 Pac. 519], that, "In this connection it should be observed that while the curative clause of the statute therein considered (Stats. 1911, p. 730, sec. 26) is the same as in the street improvement ordinance of San Francisco, section 14 of the ordinance expressly provides that 'In case of failure on the part of the contractor . . . to complete . . . his contract within the time fixed in the contract, or within such extension of said time . . . his . . . contract shall be void, and no assessment shall be made for the work done under said contract.' Whether in the light of this legislative declaration a failure to complete the work within the time indicated could be declared an error, irregularity, or informality, is a question we need not determine, but one which may well command the attention of the board of supervisors of the city and county of San Francisco."

Appellant's contention is that under the curative provision of section 21 of the street improvement ordinance all objections that the work was not completed within the contract time were waived by a failure to appeal to the board of supervisors and that the extension of the time was an informality for which the assessment may not be set aside. It is insisted section 14 of the street improvement ordinance is a legislative as distinguished from a constitutional pro-vision and that therefore a failure to comply with it can be cured by section 21 under the rule laid down in *Watkinson* v. *Vaughn,* 182 Cal. 55 [186 Pac. 753].

[1]   But in our opinion it is plain from the language of section 14 that a failure of the board of supervisors to grant an extension of time within the original period is not an error or informality within the meaning of the street improvement ordinance which can be cured under section 21. In the absence of such a curative clause it has been held a contract becomes void and jurisdiction to extend it lost, upon the expiration of the time originally allowed. (*Beveridge* v. *Livingstone,* 54 Cal. 54; *Mahoney* v. *Braverman,* 54 Cal. 565; *Fanning* v. *Schammel,* 68 Cal. 428 [9 Pac. 427] ; *Dougherty* v. *Coffin,* 69 Cal. 454 [10 Pac. 672] ; *Raisch* v. *San Francisco,* 80 Cal. 1 [22 Pac. 22] ; *Dougherty* v. *Nevada Bank,* 81 Cal. 162 [22 Pac. 513] ; *Kelso* v. *Cole,* 121 Cal. 121 [53 Pac. 353].)   In *Oakland Paving Co.* v. *Whittell Realty Co.,* 185 Cal. 113 [195 Pac. 1058], it was held that under the Improvement Act of 1911, which contained a curative clause (sec. 26) similar to that of the street improvement ordinance, such a failure was an error or informality which could be cured under the provisions of the said section and on account of which a court could not set aside an assessment.

In addition to a curative clause, however, the street improvement ordinance has added the provision that the contract shall become void if the work is not completed within the time prescribed and that no assessment shall be made for any work done under it.   Considering the earlier cases cited above holding that a contract became void upon the expiration of the time limit and the conclusion that under the Improvement Act of 1911 a failure to secure a renewal until after the original time had elapsed did not invalidate an assessment, it must be held that in adopting section 14 it was not intended such an irregularity should come within the "errors" and "informalities" which might be cured. This was in effect to adopt the rule followed in the earlier cases, under which rule the board of supervisors would be without jurisdiction to extend a contract upon the expiration of the time allowed; the contract would expire and be beyond the reach of a curative clause.

As the board was without authority to extend the contract after the original time allowed had passed, the work was not done within the time fixed in the contract or an extension thereof, the contract became void under section 14

of the street improvement ordinance and the assessment must be held to be invalid.

The judgment is affirmed.

Wilbur, J., Shaw, C. J., Waste, J., Lennon, J., and Ward, J., concurred.

Rehearing denied.

All the Justices present concurred.