[No. 13879.    In Bank. — September 21, 1891.]

## PEOPLE EX REL. FRANK SABICHI, RESPONDENT, v. LOS ANGELES ELECTRIC RAILWAY COMPANY, APPELLANT.

MUNICIPAL CORPORATIONS — ORDINANCE IN EXCESS OF POWER — ELECTRIC-RAILWAY FRANCHISE — QUO WARRANTO — CONFIRMATION PENDING APPEAL — REVERSAL OF JUDGMENT OF OUSTER. — Where a municipal corporation has exceeded its statutory power in enacting an ordinance granting a franchise to a railway company to lay railroad tracks through its streets, whereupon cars can be propelled by electricity, and pending an appeal from a judgment in an action of *quo warranto* ousting the railway company from such franchise, statutes are passed by the legislature, authorizing the grant of such franchise, and confirming and ratifying all municipal ordinances theretofore passed granting the same, the judgment of ouster will be reversed.

ID. — CONSTITUTIONAL LAW — CORPORATIONS — EXTENSION OF CHARTER — REMISSION OF FORFEITURE — WAIVER. — The act ratifying and confirming such previous municipal ordinances is not repugnant to section 7, article XII., of the constitution, which prohibits the legislature to extend or remit the forfeiture of any franchise or charter of any corporation, though it shows an intention on the part of the state that the franchise shall continue in existence, notwithstanding a previous forfeiture, and operates as a waiver of the right to enforce a forfeiture, which waiver the constitution does not prohibit.

CORPORATIONS — FORFEITURE OF FRANCHISE — ADJUDICATION. — Acts sufficient to cause a forfeiture of a franchise conferred upon a corporation do not *per se* produce a forfeiture; but the corporation continues to exist until the sovereignty which created it shall, by proper proceedings in a proper court, procure an adjudication of forfeiture, and enforce it.

ID. — TIME FOR COMPLETION OF STREET-RAILWAY — ABANDONMENT OF UNCOMPLETED PORTION — CONSTRUCTION OF STATUTE. — Under section 502 of the Civil Code, the period of three years within which a street-railway must be completed .begins from the date of the commencement of

the work, and not from the date of the ordinance granting the right of way; and at any time before the expiration of that time the grantee of the franchise may, with the consent of the authorities granting the right of way, abandon the uncompleted portion.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Brunson, Wilson & Lamme,* for Appellant.

*Attorney-General Johnson,* and *Frederic Hall,* for Respondent.

SHARPSTEIN, J. — This action is brought to have it determined that the defendant has forfeited and that it be excluded from all rights, privileges, right of way, and franchises acquired by it under a municipal ordinance passed by the city of Los Angeles on the twenty-eighth day of January, 1886. A copy of said ordinance is annexed to and made a part of the complaint.

In the complaint, two causes of action are separately stated. "The first," in the language of respondent's brief, " is based upon the theory that the law does not permit any incorporated city or town in this state to grant authority to any individual or corporation to lay railroad tracks through the streets or public highways of such city or town whereupon cars can be propelled by the force of electric power. The second rests upon the ground that if defendant had the right to construct railroad tracks through the streets of Los Angeles, whereon it could propel cars by such electric power, it had forfeited that right by its failure to complete the road within three years from the date of the ordinance granting the right of way to construct said road, as prescribed by the Civil Code."

The complaint was demurred to by the defendant on the ground that it did not state facts sufficient to constitute a cause of action, and each alleged cause of action was separately demurred to on the same ground. The demurrer was overruled, defendant failed to answer, and

judgment by default was entered against it by which it is adjudged guilty of usurping and unlawfully holding said franchise described in said complaint, and adjudging that the defendant be excluded from all rights, privileges, right of way, and franchise acquired under and by virtue of said municipal ordinance numbered 210, described in said complaint, and that the same has become wholly forfeited.

From that judgment this appeal is taken. Since this appeal was taken, the legislature of this state has passed two acts which, in our opinion, have an important bearing upon this case. By one of said acts, section 497 of the Civil Code is so amended as to invest municipal corporations with the power to grant a right to propel cars by electricity upon railroad tracks through streets and public highways. By the other of said acts, ordinances passed prior to the passage of said act, by any municipality, giving authority and permission to propel cars upon railroad tracks laid through the streets and public highways of said city, city and county, or town, by electricity, are confirmed, ratified, and made valid. If constitutional, the efficacy of this act of the legislature cannot, in our opinion, be doubted. Respondent claims that it is repugnant to section 7, article XII., of the constitution, which section reads as follows: "The legislature shall not extend any franchise or charter, nor remit the forfeiture of any franchise or charter of any corporation now existing, or which shall hereafter exist, under the laws of this state."

We are unable to so construe the act of the legislature as to make it repugnant to that provision of the constitution. There is no attempt to extend any franchise or charter. And there was no forfeiture of any franchise to remit. Acts sufficient to cause a forfeiture do not *per se* produce a forfeiture. The corporation continues to exist until the sovereignty which created it shall, by proper proceedings in a proper court, procure an adjudication of forfeiture, and enforce it. (*Ormsby* v. *Copper Min. Co.*, 65 Barb. 360; *People* v. *Manhattan Co.*, 9 Wend.

351; *Bear Camp River Co.* v. *Woadman*, 2 Me. 404; *Mickles* v. *Bank*, 11 Paige, 118; *Commonwealth* v. *Commercial Bank*, 28 Pa. St. 383; *Murphy* v. *Farmers' Bank*, 20 Pa. St. 415; Field on Corporations, sec. 154.)

In this case there has not been any final adjudication of forfeiture. Therefore the act ratifying and confirming the ordinance granting the franchise to defendant is not an act remitting a forfeiture. But it is, in our opinion, an act waiving a forfeiture. It certainly is an act showing an intention on the part of the state that the franchise shall continue in existence, and such an act will be considered an absolute waiver of any existing right to enforce a forfeiture of the defendant's franchise. (*Matter of N. Y. Elevated R. R. Co.*, 70 N. Y. 327; Morawetz on Private Corporations, 655, and cases cited.) We think the constitution does not prohibit such a waiver, and that the state has waived its right to enforce a forfeiture of the defendant's franchise on the ground stated in the plaintiff's first alleged cause of action.

The second alleged cause of action presents another and different question. It is alleged that some portions of the road have not been constructed, although the time allowed the defendant to construct the entire road has elapsed.

Conceding that the board of supervisors could not grant a franchise and right of way to the defendant on any other or different conditions than those prescribed by section 502 of the Civil Code, viz.: "Work to construct the railroad must be commenced within one year from the date of the ordinance granting the right of way and the filing of articles of incorporation, and the same must be completed within three years thereafter," and that "a failure to comply with these provisions works a forfeiture of the right of way as well as of the franchise, unless the uncompleted portion is abandoned by the corporation, with the consent of the authorities granting the right of way, such abandonment and consent to be in writing," — it does not appear that at the date of the commencement of this action the time fixed for the

completion of the railroad had expired. The complaint
does not state when the work to construct said railroad
was commenced, and as we construe the language of the
code, the grantee of the franchise and right of way had
three years after the commencement of the work within
which to complete it. And at any time before the ex-
piration of that time such grantee might, with the con-
sent of the authorities granting the right of way,
abandon the uncompleted portion.

It follows that the judgment must be reversed.

Judgment reversed, with directions to the court below
to sustain the demurrer to the complaint.

McFARLAND, J., HARRISON, J., PATERSON, J., GA-
ROUTTE, J., DE HAVEN, J., and BEATTY, C. J., concurred.