## FERDINAND GALL v. JOHN DICKEY, Appellant.

**Conversion: Evidence:** ERROR CURED. If there be error in allowing to be shown what converted property was worth after action was brought, it is cured where the instructions limit value to time before the beginning of the action, and where it appears that there was no change in value.

SAME: EVIDENCE: PLEA OF MALICE. While it might have been proper to ask defendant with what motive he plowed up his lessee's garden, the question should not be coupled with an inquiry as to whether he then considered the lease forfeited.

**Settlement Construed.** An agreement to pay without deducting any damages "for failure to fill my contract to labor a certain time," prevents recovery for improper performance of work under such contract.

**Practice in Supreme Court.** UNDENIED AMENDMENT TO ABSTRACT reciting that no exceptions were taken to instructions, instructions can not be reviewed.

*Appeal from Warren District Court.*—HON. J. H. HENDERSON, Judge.

THURSDAY, MAY 17, 1894.

ACTION to recover for the malicious destruction of a garden crop, and for the malicious conversion of a patch of potatoes. Defendant answered, denying generally, and set up as counterclaim a claim for hay, fruit, corn, etc., damages to well, trees, and team, and a failure to properly attend to defendant's crops. Plaintiff replied, denying generally, and on these issues the case was tried to a jury, and a verdict and judgment for plaintiff for thirty dollars was had. Defendant appeals. *Affirmed.*

*McGarry & Brown* for appellant.

*Crom Bowen* for appellee.

GIVEN, J.—I. Appellant's first complaint is of the seventh paragraph of the charge. Following the in-

structions, appellant's abstract shows as follows: "The foregoing instructions from number 1 to number 10, inclusive, were read and given to the jury by the court, and filed in this case September 10, 1891." Following this it is stated: "To the giving of each instruction each party at the time duly excepted." Appellee filed an amendment to appellant's abstract, in which he states that the certificate of the judge to the instructions given to the jury is as follows: "The foregoing instructions from number 1 to number 10, inclusive, were read and given to the jury by the court. J. H. Henderson, Judge." He also states: "There is nothing in the bill of exceptions signed by the judge, or anywhere else in the record, to show that any exception was taken by the appellant to any of the instructions given." This amendment to appellant's abstract is not denied, and must, therefore, be taken as true. It appears therefrom that appellant did not except to the instruction complained of, and he can not, therefore, be heard to complain of it on this appeal.

II. One Huff was permitted to answer over appellant's objection that the highest price of potatoes in the fall and winter of 1891 in the vicinity, was about eighty cents per bushel. Appellant contends that the admission of this evidence was prejudicial error, as it showed the value of potatoes at a date after the conversion and after the commencement of this action. Whatever error there may have been, if any, in admitting this evidence, was cured by the instructions, which limited the question of value to the time prior to the commencement of this action; and it appears that there was no change in the market value. The defendant, on his examination, was asked: "With what motive you plowed this up? Whether or not you considered this contract of July 22 forfeited?" Appellee objected as incompetent,

and the objection was sustained. While it is true there was an issue as to whether defendant acted maliciously, yet this question, taken together, was not an inquiry as to his intention in plowing up the garden, but also one whether he considered the contract of July 22 forfeited. The latter was not a matter for the witness to determine.

III. Defendant, in his counterclaim, asks to recover damages on account of the careless, negligent, indolent, and improper manner in which plaintiff had performed labor for him. Appellee had agreed to work ten months for appellant in consideration of certain wages to be paid, and a lease including the use of said garden and potato patch. They disagreed before the expiration of the ten months, and in settlement appellee gave and appellant received a writing, showing that in consideration of appellant's paying appellee in full for the labor done for him, "without deducting anything for damages for my failure to fill my contract with him to labor a certain time," appellee agreed not to go upon appellant's premises again, or molest him; and that, if he should do so, he would forfeit all right to the garden truck and potatoes. The court very properly held that this settlement included the damages claimed, and that the evidence offered to show such damages was not admissible. We find no error in the record, and the judgment is therefore AFFIRMED.