## PALMER v. BURNHAM.*

### S. F. No. 475; January 23, 1897.

#### 47 Pac. 599.

**Contract for Street Work—Fixing Time for Completion.—Under** Statutes of 1885, page 151, section 6, which authorizes a superintendent of streets to enter into a written contract for grading or other street work, and requires him to fix the time for the commencement and for the completion of the work under all contracts, a fixing of the time for the commencement of work under a contract at "within fifteen days from the date thereof," and for its completion at one hundred and eighty days "thereafter," makes the time for the completion dependent on the time of actual commencement, and is not such a compliance with the statute as entitles the contractor to enforce assessments for the work.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by C. T. H. Palmer, as assignee of C. A. Warren, against Helen M. Burnham and others, to enforce a lien for

*For subsequent opinion in bank, see 120 Cal. 364, 52 Pac. 664, 1080.

an assessment for street work under a contract for grading in the city of Oakland. Judgment for defendant on demurrer to the complaint and plaintiff appeals. Affirmed.

C. T. H. Palmer in pro. per.; J. C. Bates for respondent.

SEARLS, C.—Action to recover by C. T. H. Palmer, as assignee of C. A. Warren, contractor, upon a street assessment, and to enforce a lien therefor for grading Broadway, a public street in the city of Oakland. A demurrer was interposed by the defendants to the amended complaint of the plaintiff, which was sustained by the court, and, plaintiff having failed and declined to amend, final judgment went for the defendants. Plaintiff appeals from the judgment, and the cause comes up on the judgment-roll.

The only questions presented relate to the sufficiency of the amended complaint. The resolution of intention to grade "to the official subgrade for macadamizing," etc., Broadway, from the northern line of Fourteenth street to the northern boundary line of the city of Oakland, was adopted March 18, 1889, and such proceedings were thereafter had that the work was completed prior to June 24, 1890. The improvement was therefore performed under "An act to provide for work upon streets, lanes," etc., approved March 18, 1885 (Stats. 1885, p. 147), and the act amendatory thereof, approved March 14, 1889 (Stats. 1889, p. 157). The contract under which the grading was performed was dated August 2, 1889, and the pleader, after averring that the superintendent of streets entered into the same with C. A. Warren, the contractor, continues and avers that he (the superintendent) "fixed the time for beginning said work to be within fifteen days from the date thereof, and the time for completing said work to be within one hundred and eighty days thereafter." It is also alleged that the work was commenced August 16, 1889, and "under direction of said council by its resolutions Nos. 14,667, 14,853, and 15,062, said superintendent of streets enlarged and extended the time of completing said work, viz., February 4, A. D. 1890, by ninety days, and April 22, 1890, by forty days, and June 17, 1890, by thirty days." It is further averred that the work was completed according to the "terms of the contract with its said extensions of time."

Section 6 of the act of 1885 (Stats. 1885, p. 151) confers power upon the superintendent of streets to enter into written

contracts of the character herein involved, and provides that
"he shall fix the time for the commencement, which shall not be
more than fifteen days from the date of the contract, and for
the completion of the work under all contracts entered into
by him, . . . . and he may extend the time so fixed from time
to time, under direction of the city council." It has been
repeatedly held by this court that all extensions of time for
the completion of contracts for street work must be made
before the period fixed therein for its completion, or within
the periods to which it has been previously extended: Bever-
idge v. Livingstone, 54 Cal. 56, 57; Fanning v. Schammel,
68 Cal. 429, 9 Pac. 427; Dougherty v. Coffin, 69 Cal. 454, 10
Pac. 672; Raisch v. San Francisco, 80 Cal. 1, 22 Pac. 22;
McVerry v. Boyd, 89 Cal. 304, 26 Pac. 885; Brock v. Luning,
89 Cal. 316, 26 Pac. 972; Brady v. Burke, 90 Cal. 1, 27 Pac.
52; Heft v. Payne, 97 Cal. 108, 31 Pac. 844. If the one hun-
dred and eighty days fixed in the contract are to be reckoned
from August 2, 1889, the date of the contract, then the time
expired January 29, 1890; and, as it could not be thereafter
extended, the attempt to do so on the 4th of February, 1890,
was a vain act under the foregoing authorities, and could
not galvanize the contract into new life.

Appellant's contention is that the expression in the plead-
ing, that "the time for completing said work to be within one
hundred and eighty days thereafter," must be construed to
mean one hundred and eighty days from the date of its com-
mencement, which, as before stated, was August 16, 1889,
and from which time one hundred and eighty days would ex-
tend beyond the date of the first extension. People v. Los
Angeles Electric Ry. Co., 91 Cal. 341, 27 Pac. 673, is relied
upon in support of this construction. This construction, how-
ever, leaves the contract subject to another grave objection,
in that it leaves the time of the completion of the contract
indefinite. The statute requires the superintendent of streets
to fix the time for the commencement and for the completion
of the work. This authority is conferred upon and is to be
exercised by him, and, until it is done, the contract, as has
been said, is inchoate or remains in abeyance. To fix the
running of a precise period of time from the happening of an
uncertain event is to leave it indefinite. It is not left to the
contractor to fix the time within which his contract may be
completed, yet in the present case, as he had fifteen days after

the date of the contract within which to commence the work, he might, under the theory of appellant, determine within fifteen days when it should be completed. It seems to have been the intention of the lawmakers to require record evidence of the various steps taken in consummating street improvements, to the end that parties interested may have certain knowledge as to the regularity of proceedings whereby their property is encumbered by the liens created thereby. To say that the validity of a given improvement is to be determined by the time at which the work thereon is commenced, when such work is within certain limits optional with the contractor, and for the determination of which only oral proof can be had, is to leave the validity of such proceedings open to doubt and uncertainty, and must, we think, lead to unhappy results. It is sufficient to say that where the statute, as here, requires the superintendent of streets to fix the time for the completion of the work, he must do so by such designation as will render it certain or capable of being made certain of computation, and that to establish, as the initial point from which the time is to run, an event which is uncertain, and to a certain extent in the volition of another, renders the time uncertain and void under the statute. These views render the consideration of the other points raised on the demurrer unnecessary. We recommend that the judgment be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.