[Civ. No. 743.    Second Appellate District.—January 28, 1910.]

## MARY M. WINSLOW, Respondent, v. GLENDALE LIGHT AND POWER COMPANY, a Corporation, Appellant.

Negligence—Trial—Submission of Interrogatories—Test under Amended Code—Duty of Court.—Where a trial for injury, alleged to have resulted from the alleged negligence of the defendant, was held after the amendment of 1905 to section 625 of the Code of Civil Procedure, it was the duty of the court to submit to the jury particular questions of fact requested by the parties, and to direct written findings thereon, even where they do not call for a finding upon a material issue, provided the answers to the questions are relevant to some material issue, and, if favorable to the party making the request, would be inconsistent with a general verdict for his adversary.

Id.—Injury by Fall Over Wire—Contributory Negligence—Improper Modification of Interrogatory—Prejudicial Error.— Where the injury to plaintiff resulted from falling over a wire stretched across the sidewalk, defendant was entitled to submit an interrogatory: "Was the wire over which it is alleged the plaintiff tripped and fell in such a position that plaintiff could have observed it had she been exercising ordinary care?" and the giving of it as modified, by adding the words "had she been looking for said wire," was prejudicial error entitling the defendant to a new trial.

Id.—Answer to Question Submitted—Effect of Answer to Modified Question.—An affirmative finding upon the question submitted by defendant upon the issue of contributory negligence would have been inconsistent with the general verdict rendered for the plaintiff; but an affirmative answer to the modified question did not in any way affect the general verdict for the plaintiff and was not inconsistent with it, but merely finds that if the plaintiff had been looking for the wire she might have seen it.

Id.—No Duty of Plaintiff to Look for Wire.—Where there is nothing in the record from which it could be said as matter of law that in the exercise of ordinary care the plaintiff should be looking for a wire on the sidewalk, the court properly, at plaintiff's request, instructed the jury that such was not the law.

Id.—Conflicting Evidence as to Contributory Negligence—Province of Jury—Right of Defendant.—Where the evidence was conflicting as to the contributory negligence of the plaintiff, the defendant is not entitled to ignore the testimony of certain of plaintiff's witnesses against it, and have considered only the evidence of a wit-

ness for plaintiff to the contrary. It is the province of the jury to determine what witnesses were to be credited, and defendant was entitled to a determination by the jury as to whose testimony they gave credence and consideration on that question.

ID.—EVIDENCE—EMPLOYMENT BY DEFENDANT TO MOVE WIRE.—*Held*, that the court did not prejudicially err in its course of action in the admission of evidence that a witness who was employed to remove the wire over which plaintiff tripped was working for the defendant.

ID.—CONFLICTING EVIDENCE AS TO INDEPENDENT CONTRACTOR.—Where the evidence was conflicting as to whether or not the person under whom the wire was moved was an independent contractor or was employed by the defendant, the verdict under proper instructions that he was working for the defendant cannot be disturbed.

ID.—LEADING QUESTIONS—DISCRETION OF COURT.—The court had discretion to permit leading questions to a witness for defendant; and its action will not be disturbed where no abuse of its discretion appears.

ID.—INSTRUCTIONS—CONSTRUCTION OF CHARGE—ACTION UPON REQUEST. *Held*, that the instructions for the plaintiff correctly declared the law applicable to the facts of the case; that it is not an objection to an instruction, not directing a verdict, that it does not state the law as to some essential element in the case upon which the law is fully supplied elsewhere in the charge; and that the instructions requested by defendant which were denied or modified were correctly refused or modified respectively.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are correctly stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Morton, Pruitt & Goodrich, and O. E. Smith, for Respondent.

TAGGART, J.—Action for damages for personal injury. Plaintiff, who was seventy-six years of age at the time of the injury complained of, was walking along the sidewalk of a street in the city of Glendale, and her feet becoming entangled with a wire stretched across the sidewalk, she tripped and fell upon the pavement, dislocating her knee, spraining her

wrist, and bruising her face, shoulder, leg and ankle, rendering her generally lame and crippled. The jury rendered a verdict in her favor against the defendant for the sum of $2,000, upon which verdict judgment was entered.

Defendant appeals from the judgment and from an order denying its motion for a new trial; and as reasons for a reversal of the judgment contends: (1) That the evidence shows that the wire which threw the plaintiff to the ground was placed across the sidewalk by the employees of one John C. Seaman, who was engaged in construction work for defendant as an independent contractor and not as an employee of the defendant corporation; (2) that plaintiff was guilty of contributory negligence; (3) that the amount of damages awarded by the verdict is excessive; (4) that the court erred in its rulings upon some seventy-two objections made by defendant to the admission of testimony on behalf of plaintiff; (5) that the court erred in giving certain instructions requested by plaintiff and in denying some and modifying other instructions requested by defendant; and (6) that the court erred in refusing to give a special interrogatory relating to the issue of contributory negligence requested by defendant, and in giving it in a modified form.

The interrogatory requested by defendant was as follows: "Was the wire, over which it is alleged the plaintiff tripped and fell, in such position that plaintiff could have observed it had she been exercising ordinary care?" This, it is said, the court modified by adding, "Had she been looking for said wire?" The answer given by the jury was, "Yes." If the question had been asked as presented by defendant and this answer returned, it would have been inconsistent with the general verdict, and would have controlled the latter upon the issue to which it related, that is, the contributory negligence of the plaintiff (Code Civ. Proc., sec. 625). At the time of the trial of the cause, section 625 of the Code of Civil Procedure was in force as amended in 1905, and under the law as then construed it was the duty of the court to submit to the jury particular questions of fact requested by the parties and to direct written findings thereon. (*Plyer* v. *Pacific Cem. Co.,* 152 Cal. 125, 131, [92 Pac. 56].) The Plyer case sustained a party's right to have such questions submitted to the jury, even where they did not call for a finding upon a

material issue, provided the answers to the questions were relevant to some material issue and, if favorable to the party preferring the request, would be inconsistent with a general verdict for his adversary.

Measured by this rule, a finding in defendant's favor in answer to the special question requested by it upon the issue of contributory negligence as above stated would have been inconsistent with the general verdict rendered, while, on the other hand, the finding actually made by the jury, in answer to the modified interrogatory of the court, did not in any way affect the general verdict and is not inconsistent with it.   The jury merely finds that if the plaintiff had been looking for a wire at the place of the injury she might have seen it.   There is nothing in the record that enables us to say as a matter of law that in the exercise, of ordinary care in passing along the public street it was necessary that she should be looking for a wire.   Indeed, the court very properly, at her own request, instructed the jury that such was not the law.

The evidence was contradictory upon this subject, and the defendant was entitled to a determination of the question to whose testimony the jury gave credence and consideration. The position of appellant, that because one of the witnesses put upon the stand for the plaintiff testified in support of defendant's theory, while others testified so as to sustain the opposite conclusion, the plaintiff was bound by the testimony of the unfavorable witness, is entirely untenable.   The testimony of plaintiff, her daughter and the other witnesses which was in conflict with that of the witness Harvey, and tended to establish her claim that she acted with ordinary care, was not introduced for the purpose of impeaching Harvey, but to prove a material element in her case, and could not be excluded from consideration by the jury merely because it was inconsistent with the testimony of Harvey.   We know of no such application of the rule invoked by appellant.

The objections to certain questions of plaintiff, based upon the ground that the testimony sought to be elicited was but a conclusion of the witness, were properly overruled, and the motions to strike out on the same ground properly denied. The question, "For whom were you working on the 27th day of February, in 1907?" was asked and this objection was interposed, and the trial judge remarked, in overruling the

objection, "A man ought to know who he is working for."
This is assigned as error. We do not so regard it. The witness Harvey was asked who employed him and he answered, "J. H. Seaman," and also gave the same answer to the question, "Whom were you working for at that time?" In each answer he attempted to modify this by some statement as to the capacity in which Seaman had acted in engaging him to work, and was interrupted and prevented by the opposing counsel from finishing his answer. Thereupon the examining attorney propounded the question: "I do not ask you who engaged you to work, but for what company or corporation or individual were you working on that day?" Counsel for the defendant prevented the witness from answering the question and demanded the right to cross-examine him as to "whether he knew or not" before permitting an answer. It is contended that it was prejudicial error for the court to say in this connection: "If a man does not know who he is working for, he ought to go off to the woods; it is a very simple question." We see nothing wrong in the assumption by the court of this view as the basis of its ruling and find no impropriety in the language of the ruling to the prejudice of appellant. Neither was it wrong for the court to ask the question, "Whom were you working for?" This question the witness answered, "I should say the Glendale Light & Power Company." Later, in response to the inquiry, "Were you employed by the defendant here, the Glendale Light & Power Company?" asked first by counsel and then by the court, the same witness replied, "Well, yes, sir" (the answer being given after an admonitory "if you know" by defendant's counsel). Objections subsequently made to questions on the ground that they were improper because assuming that the witness was in the employ of defendant were properly overruled.

Some of the questions objected to as leading and suggestive were perhaps open to some criticism on that ground, but the asking of questions in this form rests largely in the discretion of the trial court, and we find no prejudicial abuse of that discretion in any of the rulings complained of.

There was conflict in the evidence as to whether or not the witness Seaman was an independent contractor, and, as above stated, there was at least some evidence to show that the men who were moving the wire were working for defendant. The

jury, under proper instructions, found that Seaman was not an independent contractor in doing this job, and we cannot disturb that conclusion. The other contentions based upon the insufficiency of the evidence may be met in the same way, that is, there was some evidence to sustain the verdict. That this is true of the issue of contributory negligence appears from the evidence above referred to in connection with the refusal of the court to submit the special question requested by defendant.

The instructions given at the request of plaintiff taken together correctly declare the law applicable to the facts of the case. It is no objection to a single instruction—which does not direct a verdict—that it omits the law relative to some essential element in the case, provided the law be supplied elsewhere in another instruction given to the jury. The instructions requested by defendant, and either denied or modified by the court, wherein the jury were instructed in effect that the evidence showed that the witness Seaman was an independent contractor, or in which it was assumed that the facts as to Seaman's employment enumerated by defendant, established, as a matter of law, that he was an independent contractor, were properly refused and modified, respectively.

The other alleged errors assigned will probably not arise upon a new trial, and it is not necessary to pass upon them. For the failure to submit the special question requested the motion for a new trial should have been granted.

The judgment and order reversed.

Allen, P. J., and Shaw, J., concurred.