[L. A. No. 2844. In Bank.—February 13, 1913.]

## MARY M. WINSLOW, Respondent, v. GLENDALE LIGHT & POWER COMPANY, Appellant.

EMPLOYER AND EMPLOYEE—NEGLIGENCE—INDEPENDENT CONTRACTOR—EVIDENCE—CONCLUSION OF WITNESS AS TO EMPLOYMENT.—In an action to recover damages for alleged negligence, in which the defense was that the negligent act was that of an independent contractor and not of an agent of the defendant, the question of employment is itself in controversy, and a witness should not be permitted to testify to his conclusion that he was working for the defendant. His testimony should be limited to a statement of the person by whom he was employed, the nature, terms, and surrounding circumstances of his employment. From these, and such other evidence as the case presents, the conclusion is to be drawn as to who was in fact the responsible employer.

ID.—MISTAKEN CONCLUSION OF WITNESS AS TO EMPLOYMENT—EVIDENCE CONCLUSIVELY ESTABLISHING CONTRARY.—Assuming, under the doctrine of the law of the case, as mistakenly held on a prior appeal herein, that a witness could testify to such a conclusion as to his employment, his testimony on his direct examination that he was employed by the defendant, will not suffice to sustain a verdict against the defendant, if his cross-examination and the other evidence in the case show without conflict that he was employed by and was working for an independent contractor.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Drew Pruitt, W. O. Morton, and M. A. Fleming, for Respondent.

HENSHAW, J.—This action was brought to recover damages for personal injuries sustained by plaintiff. She was seventy-six years of age at the time she received the injuries complained of, and these injuries were occasioned by her tripping over a wire stretched across the sidewalk. This wire was admittedly a wire of the defendant, the Glendale Light &

Power Company. That company's principal defense to the action was that, having been ordered by the city to remove certain poles and wires, it employed an independent contractor to do the work, that the work was done wholly under the management and control of this independent contractor, and that it was through the negligence of his employees, and not the employees of the defendant Light and Power Company, that the accident occurred. Reference may here be made to a former appeal taken in this case and reported in 12 Cal. App. 530, [107 Pac. 1020]. By the decision upon the first appeal the judgment was reversed. A second trial followed, resulting in a judgment in favor of the plaintiff. From that judgment and the order denying defendant's motion for a new trial an appeal was taken, resulting in an affirmance of the judgment and order by the court of appeals. Upon the first trial, one of the men at work removing the poles and wires was permitted to testify, over the objection of the defendant, that he was "working for the Glendale Light & Power Company." Upon the appeal reported in 12 Cal. App. it was held that the objection was not well taken, and that the question was permissible and its answer admissible. Upon the second appeal the court of appeals, seemingly feeling itself bound under the doctrine of the law of the case, held that the same questions asked upon the second trial were permissible, and decided, further, that the answers to these questions presented evidence sufficient to raise a conflict upon the principal question in the case,—namely, whether the work was being done by the defendant or by an independent contractor, for whose conduct defendant was not legally responsible. It was for the further consideration of this proposition that a hearing before this court was ordered. But lest by our silence it may be thought that this court approves the determination as to the permissibility of the question discussed in the opinion in 12 Cal. App., it is proper to say that in many instances—as where the agency or the ownership of property is not in issue, it is permissible, for the purpose of curtailing the inquiry, to allow questions to be asked and answered, which questions and answers would be to the last degree improper were issue joined upon the question of agency or ownership. Instances come readily to mind, and, indeed, in the courts are of daily or even of hourly occurrence. If the ownership of a piece of

land is not in issue, it is not objectionable to ask the witness who owns that land. If the agency or employment is not in question, it is equally permissible to ask the witness whose agent he was, or for whom he was working. It is but a time-saving method of presenting the truth upon a matter not controverted. Very different, indeed, must be and is the rule where the ownership or the agency is itself in dispute. For a man, under such circumstances, to be permitted to say that he owns the property is to permit him to state a conclusion which must be drawn from all the facts by court or jury. To permit, where the question of employment is itself in controversy, a witness to testify that he was working for this person, is to allow in evidence the incompetent conclusion of the witness upon a matter of vital controversy. In such a case the rule limits the testimony of the witness to a statement of the person by whom he was employed, the nature, terms, and surrounding circumstances of his employment. From these, with such other evidence as the case presents, must the conclusion be drawn as to who in fact was the responsible employer.

So much we think it proper to say in pointing out the true rule. But the matter here in controversy will be considered under the doctrine of the law of the case, as that law was laid down, though mistakenly, in the opinion in the 12 Cal. App. above cited. So treating it, the ruling amounts to this, but to this only: that it was competent for the witness to answer the question, and he did answer it by saying that he was working for the Glendale Light & Power Company. Nothing, however, in the decision of the court of appeals goes to the weight of this testimony, and a review of the evidence in the case satisfies us that this testimony is without weight, and is so wholly unsubstantial as not to raise a controversy over the fact. The evidence introduced on behalf of the defendant is clear, conclusive, and undenied, and establishes that Seaman was employed as an independent contractor to do the work, and did undertake its performance under his contract. The defendant had no control and exercised no control over the employees of Seaman, and two of those employees who were actually engaged in the work were Harvey and Allen. Neither Harvey nor Allen was ever in the employ of the defendant company. Such was the uncontroverted evidence of the defendant, and it remains to be considered whether the

testimony of the witness Harvey is sufficient to raise a conflict. Harvey was asked the question "By whom were you employed and for whom were you working on February 27, 1907" (the date of the accident), and made answer, "For the Glendale Light & Power Company." Again, testifying that he was at the scene of the accident, he concludes his answer by saying "I was on duty." He is immediately asked the question, "On duty for whom," and replies, "The Glendale Light & Power Company." The facts elicited from the witness upon cross-examination show that these declarations were but the conclusion of the witness, and demonstrate that the conclusion is without basis in truth. Confronted with his testimony given upon the former trial, and with his statements therein contained to the effect that he was employed by Mr. Seaman, he discredits his former testimony, saying, as to some of his answers, that he did not remember; as to others, that when he said he was employed by Mr. Seaman, "I might have said he was the foreman who hired me." Asked further if he did not reply upon being asked for whom he was working, that he was working for Seaman, he answered, "Well, I said he was my employer." Passing over his testimony upon the first trial, and coming to the testimony on the second trial, he was asked the direct question, "What person employed you," and he replied, "Mr. Seaman." He testifies that nobody beside Mr. Seaman told him to do any work on the job; that no officer of the Glendale Light & Power Company ever ordered him to go on the work. He had no knowledge whatsoever of the contract Mr. Seaman had with the light and power company, and, finally, he answers "Yes" to the question, "When you say you were working for the Glendale Light & Power Company it was because you were working on their lines, was it not, and because Mr. Seaman there was evidently doing the work for them?" It is shown that Mr. Seaman had a shop in town, his own tools, wagon, and employees, and paid his own workmen, of whom the witness was one; that Harvey was engaged upon other work and jobs besides this one and was always paid by Mr. Seaman. The circumstance that upon one or another occasion he was paid by Mr. Seaman with the check of the defendant company is without significance. It is in direct and undisputed evidence that the check was not drawn to his (Harvey's) order, and that the defendant com-

pany paid Seaman by checks. (*Houghton v. Loma Prieta Lumber Co.*, 152 Cal. 577, [93 Pac. 377].)

The witness Harvey was not only permitted to testify that he was employed by the Glendale Light & Power Company, but he was allowed even greater latitude, and was permitted to testify that his fellow workman Allen was also working for the Glendale Light & Power Company at the time of the accident. But as, under cross-examination, he answers that his testimony as to Allen's employment is based upon the same knowledge and facts which he had related concerning his own employment, no amplification of this matter becomes necessary.

What, then, results from this evidence? Nothing more than that the conclusion of the witness, which he has been allowed improperly to express, is shown to rest upon no basis of fact, the facts being that the witness was employed by Seaman and by nobody else, was paid by Seaman and by nobody else, worked under the direction of Seaman and nobody else, knew nothing of any arrangement which Seaman might or might not have with the Glendale Light & Power Company for the doing of the work; but, because the work was Glendale Light & Power Company work, the witness believed that Seaman was the foreman, and believed that the work was being done under the direction of the Glendale Light & Power Company, and believed that the Glendale Light & Power Company was his employer. No conflict is raised by evidence such as this. All of the evidence establishes that Seaman was an independent contractor, and the judgment and order are therefore reversed.

Melvin, J., Angellotti, J., Sloss, J., and Shaw, J., concurred.