[Civ. No. 1276.    First Appellate District.—September 23, 1914.]

## WM. H. HATFIELD, Appellant, v. PEOPLES WATER COMPANY (a Corporation), et al., Respondents.

WATER COMPANY—CHARGING EXCESSIVE RATES—FORFEITURE OF FRAN-CHISE—ACTION BY INDIVIDUAL TO DECLARE—CONSTITUTIONAL LAW. The statutory provision (Stats. 1881, p. 54) that "any person, company, association or corporation charging, or attempting to collect from the persons, corporations, or municipalities using water, any sum in excess of the rate fixed as hereinbefore designated, shall, upon the complaint of . . . any water rate payer, and upon conviction before any court of competent jurisdiction . . . forfeit the franchise and waterworks of such person, company, association, or corporation to the city and county, city or town, wherein the said water is furnished and used," is unconstitutional in so far as it purports to confer upon a water rate payer the power to compel a forfeiture of the franchises and works of a water company because of an alleged overcharge.

ID.—STATUTORY PROVISION — CONFLICT BETWEEN AND CONSTITUTIONAL PROVISION RELATIVE TO WATER RATES.—Such statute, so far as its forfeiture clause is concerned, is inconsistent with and in contraven-

tion of that provision of the constitution which regulates the establishment of water rates, and declares that "any person, company, or corporation collecting water rates in any city and county or city or town in this state, otherwise than as so established, shall forfeit the franchises and waterworks of such person, company, or corporation to the city and county, or city or town where the same are collected, for the public use."

ID.—FORFEITURE OF FRANCHISE—STATE AND CITY ONLY PARTIES INTERESTED.—Only two parties can be said to be interested in the procurement of the forfeiture provided for in the constitution, namely,— the state in the first instance, and, secondly, the city where an excess rate may have been collected.

ID.—MISCONDUCT OF CORPORATION DOES NOT IPSO FACTO WORK FORFEITURE OF CHARTER.—Conduct constituting a cause for the forfeiture of corporate charters and franchises will not *ipso facto* operate to produce such a forfeiture; notwithstanding such conduct, the corporation continues to exist until the sovereignty which created it shall procure an adjudication of forfeiture and enforce it.

ID.—REVOCATION OF CHARTER CAN BE ACCOMPLISHED ONLY BY SOVEREIGNTY.—The revocation of corporate charters and franchises is a sovereign right which can be exercised only by the state or in its name.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Milton Shepardson, H. A. Luttrell, and R. M. De Soto, for Appellant.

McKee & Tasheira, for Respondents.

LENNON, P. J.—The prayer of the plaintiff's complaint in this action is that the franchises and waterworks of the defendant, Contra Costa Water Company, now claimed to be owned by its codefendant, Peoples Water Company, be declared forfeited to the city of Oakland. The appeal is from a judgment entered upon an order sustaining a demurrer to the plaintiff's third amended complaint without leave to amend. The action is prosecuted by the plaintiff in his capacity as a private citizen; and the gist of his complaint is that he, as a water rate payer in the city of Oakland, was overcharged the sum of $3.67½ by the defendant, Contra Costa

Water Company, during a specified six months preceding the commencement of the action.

The plaintiff's right as a water rate payer to institute and maintain the action is rested solely upon the provisions of section 7 of the act of March 7, 1881, which read as follows:

"Any person, company, association or corporation charging, or attempting to collect from the persons, corporations, or municipalities using water, any sum in excess of the rate fixed as hereinbefore designated, shall, upon the complaint of . . . any water rate payer, and upon conviction before any court of competent jurisdiction . . . forfeit the franchises and waterworks of such person, company, association, or corporation to the city and county, city or town, wherein the said water is furnished and used." (Stats. 1881, p. 56.)

It is the contention of the defendants that the act last referred to is unconstitutional in so far as it purports to confer upon a water rate payer the power to compel a forfeiture of the franchises and works of a water company because of an alleged overcharge. We are of the opinion that the contention is well taken and must be sustained. The legislative act in question, in so far as its forfeiture clause is concerned, is inconsistent with and in contravention of that provision of the constitution which regulates the establishment of water rates, and declares that "any person, company, or corporation collecting water rates in any city and county or city or town in this state, otherwise than as so established, shall forfeit the franchises and waterworks of such person, company or corporation to the city and county, or city or town where the same are collected, for the public use."

The constitution, it will be noted, provides that the offending company shall forfeit its franchises and waterworks for public use to the city where the excess rates are collected. Clearly, therefore, only two parties can be said to be interested in the procurement of the forfeiture provided for in the constitution, viz., the state in the first instance, and, secondly, the city where an excess rate may have been collected. Obviously the state is primarily and directly interested because it is the sovereign power from whom the water company derives its charter and franchises (Const. art. XI, sec. 19); and manifestly the city where the excess rate has been collected is also interested because it is by the constitution expressly made the

beneficiary of any forfeiture which may be desired and declared at the behest of the state.

It is the general rule that a corporation is responsible only to the sovereignty by whom it was created; and, ordinarily, conduct constituting a cause for the forfeiture of corporate charters and franchises will not *ipso facto* operate to produce such a forfeiture. Notwithstanding such conduct, "the corporation continues to exist until the sovereignty which created it shall . . . procure an adjudication of forfeiture and enforce it." (*People* v. *Los Angeles Elec. Ry. Co.*, 91 Cal. 338, 340, [27 Pac. 673].) In other words, the revocation of corporate charters and franchises is a sovereign right which can be exercised only by the state or in its name.

It is clear that supplemental legislation was not required to execute the provision of the constitution providing for a forfeiture of the franchises and works of such water companies as might be guilty of charging or collecting rates in excess of those established by law. The constitutional provision in this behalf is in itself complete and therefore controlling. Moreover, the legislature was neither required nor permitted to enact a law which purported to confer a right in excess of and different from that contemplated by the constitution. It will be seen at a glance that the right to initiate the forfeiture which the legislative enactment in question attempted to confer upon a water rate payer is neither expressly nor impliedly authorized by the provisions of the constitution. And therefore the act to that extent is in conflict with the constitution and to the same extent void.

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.