[Civ. No. 1377.  First Appellate District.—November 9, 1914.]

WILLIAM M. HATFIELD, Appellant, v. PEOPLES WATER COMPANY (a Corporation), Respondent.

PUBLIC SERVICE CORPORATIONS—WATER RATES—EXCESSIVE CHARGE—IN-JUNCTION—PLEADING—INSUFFICIENT COMPLAINT—FAILURE TO ALLEGE ESTABLISHED RATES—CONCLUSION OF PLEADER.—In an action against a water company for damages and for an injunction restraining the defendant from shutting off plaintiff's water supply and prohibiting the collection of any rate whatsoever from plaintiff, based upon an alleged violation by the defendant of those constitutional provisions (Const., art. XIV, secs. 1 and 2), which prohibit the collection by a public service corporation of a rate for water in excess of that fixed by a city council, the fact of the establishment of legal rates was an indispensable element of plaintiff's cause of action, and where the complaint did not allege that the city council, subsequent to the year in which the alleged excess was charged and collected, passed a resolution announcing the rates for the succeeding years, claimed to be excessive, and it is impossible to ascertain from the allegations of the complaint what, if any, were the fixed legal rates for those years, a demurrer to the complaint was properly sustained. A general allegation that "during the last three years and more," the defendant has been attempting to collect rates in excess of the rates fixed each year, without specifying what such fixed rates were, is a mere conclusion of the pleader, which cannot be availed of to initiate and invite an issue of fact.

ID.—COLLECTION OF ILLEGAL RATES—FORFEITURE OF WORKS AND FRANCHISES DOES NOT RESULT FROM—INJUNCTION.—In such a case the complaint does not state a cause of action sufficient to support a judgment enjoining the defendant from making and collecting any water rates at all for water served to plaintiff subsequent to the alleged collection of the excess rate from the plaintiff, on the theory that the mere charging and collecting of such rates in excess of those permitted by the constitution *ipso facto* operated as a forfeiture of the works and franchises of the defendant, and that, therefore, the right thereafter to collect any rates at all should be denied the defendant.

APPEAL from a judgment of the Superior Court of Alameda County.  W. H. Waste, Judge.

The facts are stated in the opinion of the court.

R. M. F. Soto, H. A. Luttrell, and Milton Shepardson, for Appellant.

McKee & Tasheira, for Respondent.

LENNON, P. J.—This is an appeal from a judgment entered in favor of the defendant after the refusal of the plaintiff to amend his complaint in compliance with an order of the court below sustaining the defendant's demurrer. Plaintiff's cause of action is based upon an alleged violation by the defendant of those constitutional provisions (Const., art. XIV, secs. 1 and 2), which prohibit the collection by a public service corporation of a rate for water in excess of that fixed by a city council. The action is for damages, and the prayer of the complaint is for an injunction restraining the defendant from shutting off the·plaintiff's water supply and prohibiting the collection of any rate whatsoever from the plaintiff. The demurrer was properly sustained. The complaint in part and in substance alleges that the plaintiff is the owner of certain premises in the city of Oakland; that the city council passed a resolution fixing water rates for the year commencing July 1, 1906; that during the six months' period from July 1, 1906, to January 2, 1907, he was furnished water by the Contra Costa Water Company, the predecessor in interest of the defendant, and charged at the rate of $2.30 per month; that by the resolution of the city council fixing water rates only $1.69¾ per month could be lawfully charged and collected, · and that therefore the plaintiff had paid for water served to him during the six months mentioned an excess rate aggregating the sum of $3.62; that subsequent to the charging and collecting of such excess rate the defendant as the successor in interest of the Contra Costa Water Company has been continuously attempting to collect "rates of compensation in excess of the rate fixed by said council each year thereafter and during the present year" and that said defendant "during the present year" threatens to and will, unless restrained, refuse to supply the plaintiff with water until he pays the rate demanded. Undoubtedly it was the duty of the defendant to furnish the plaintiff with water upon the payment or tender of the established legal rates, and clearly, therefore, the fact of the establishment of those rates was an indispensable element of the plaintiff's cause of action. It will be noted that the plaintiff's complaint does not allege that the city council, subsequent to the year in which the alleged excess was charged and collected, ever passed a resolution announcing the rates for the succeeding years, and furthermore it is impossible to ascertain from the allegations of the complaint what, if any,

were the fixed legal rates for those years. The general allegation of the complaint that "during the last three years and more" the defendant has been attempting to collect rates in excess of the rates fixed each year, without specifying what such fixed rates were, is a mere conclusion of the pleader, which cannot be availed of to initiate and invite an issue of fact. The complaint does not state a cause of action sufficient to support a judgment enjoining the defendant from making and collecting any water rate at all for water served to the plaintiff subsequent to the alleged collection of the excess rate from the plaintiff. On this phase of the case it is the plaintiff's contention that the mere charging and collecting as alleged of a rate for water in excess of the rate permitted by the constitution *ipso facto* operated as a forfeiture of the works and franchises of the defendant, and that, therefore, the right thereafter to collect any rate at all should be denied the defendant. The contention was by this court in effect decided adversely to the plaintiff in the case of *Hatfield* v. *Peoples Water Co.*, 25 Cal. App. 502, [144 Pac. 300], where it was held that the identical conduct complained of in the present case did not *ipso facto* operate to produce a forfeiture of the works and franchises of the defendant. If we were correct in the conclusion reached in the case cited, it follows that the complaint in the present case does not state a cause of action sufficient to support an injunction prohibiting the defendant from charging and collecting any water rate whatsoever upon the theory that its right to do so expired with the forfeiture of its franchises and works.

The judgment appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.