[Civ. No. 4738.    First Appellate District, Division Two.—April 16, 1924.]

WILLIAM LYON, Appellant, v. CARPENTERS' HALL ASSOCIATION OF SAN FRANCISCO (a Dissolved Corporation), et al., Respondents.

[1] CORPORATIONS—FORFEITURE—DISSOLUTION—RECEIVERSHIP — JURISDICTION.—If a corporation has suffered no forfeiture, or if it has not been dissolved, the courts have no right through a receiver to take possession of the corporation's property, to sell the property, or to distribute the proceeds among the persons entitled thereto.

[2] ID.—FORFEITURE—QUO WARRANTO.—In the absence of a statute to the contrary, the state only is entitled to maintain an action to have it adjudged that a forfeiture has occurred and to enforce such forfeiture.

[3] ID. — DISSOLUTION — PLEADING—DEMURRER.—In an action by a former member of a hall association (a corporation without capital stock) to quiet title to his alleged interest in the properties of the association, an allegation that the association "is dissolved" is but the conclusion of the pleader; and the presence of such conclusion in the pleading, without any statement of the facts, does not strengthen the pleading when attacked by a demurrer.

(1) 14a C. J., p. 946, sec. 3160.    (2) 14a C. J., p. 1135, sec. 3770 (1926 Anno.).    (3) 14a C. J., p. 1199, sec. 3891; 31 Cyc., p. 335.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Austin Lewis and Vincent Surr for Appellant.

John D. Willard for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to quiet title to his alleged interest in

1.  See 7 Cal. Jur. 183.
2.  See 7 Cal. Jur. 145; 22 R. C. L. 671.
3.  See 21 R. C. L. 440.

certain real estate located in San Francisco, California. The defendants interposed demurrers which the trial court sustained, without leave to amend, and judgment was entered dismissing the action. From that judgment the plaintiff appeals, bringing up the judgment-roll.

In his complaint the plaintiff alleges that prior to October 25, 1921, Carpenters' Hall Association was a corporation without capital stock, existing under the laws of the state of California; that Local Union 483, Carpenters of San Francisco, and Local Union 1082, Carpenters of San Francisco, were unincorporated associations, and on the twenty-fourth day of October, 1921, those two associations were expelled from the United Brotherhood of Carpenters and Joiners of America and were disbanded and ceased to exist; that Local Union 304, Carpenters of San Francisco and Local Union 616, Carpenters of San Francisco, were unincorporated associations, and prior to October 24, 1921, they disbanded and ceased to exist; that it is provided in the by-laws of said Carpenters' Hall Association of San Francisco that membership therein shall consist only of members in good standing of the unincorporated associations above mentioned, and that anyone ceasing to be a member of any unincorporated association shall thereupon cease to be a member of said Carpenters' Hall Association of San Francisco; that prior to the twenty-fourth day of October, 1921, the plaintiff was a member of Local Union 483, Carpenters of San Francisco, and a member of Carpenters' Hall Association of San Francisco. It is also alleged "That there are now no members of Carpenters' Hall Association, or any person, or persons, qualified to be members of said Carpenters' Hall Association of San Francisco, and the said corporation is dissolved and defunct." In appropriate language it is alleged that at the time of the dissolution Carpenters' Hall Association owned real estate, describing it by metes and bounds; that it also owned other properties the exact nature of which are unknown to the plaintiff; that the plaintiff is a *pro rata* owner of such assets; and by proper averment it is alleged that the individuals named as defendants were at the time of the dissolution the duly elected and acting officers.

To the foregoing allegations the plaintiff annexed a prayer that the court determine the interest of the plaintiff, that

the court appoint a receiver to take possession and sell the property of the corporation, and distribute the proceeds among the persons entitled thereto, and that the defendants by restrained in the meantime from alienating the assets.

[1] If Carpenters' Hall Association (a corporation) had suffered no forfeiture, or if it had not been dissolved, the courts would have no right through a receiver to take possession of the corporation's property, to sell the property, or to distribute the proceeds among the persons entitled thereto, because the law has placed all of those powers in the hands of the directors of the corporation. (Civ. Code, sec. 305.)

No statute is cited, and we know of no statute, which declares that the foregoing set of facts constitute a forfeiture. Of course, if there were a statute to that effect the statute would be recognized and administered by the court according to its terms. (*Los Angeles Ry.* v. *Los Angeles*, 152 Cal. 242 [125 Am. St. Rep. 54, 15 L. R. A. (N. S.) 1269, 92 Pac. 490]; *Kaiser Land and Fruit Co.* v. *Curry*, 155 Cal. 638 [103 Pac. 341].) [2] In the absence of a statute to the contrary, it is the settled law of California that the state only is entitled to maintain an action to have it adjudged that a forfeiture has occurred and to enforce such forfeiture. In *People* v. *Los Angeles Elec. Ry. Co.*, 91 Cal. 338, 340 [27 Pac. 673, 674], the court says: "Acts sufficient to cause a forfeiture do not *per se* produce a forfeiture. The corporation continues to exist until the sovereignty which created it shall, by proper proceedings in a proper court, procure an adjudication of forfeiture, and enforce it." (And see 26 C. J. 1045, sec. 117 and sec. 119.) Indeed, the rule is statutory. (Code Civ. Proc., sec. 803.)

[3] In his pleadings the plaintiff has alleged that Carpenters' Hall Association *is dissolved.* As to the cause of action which he would have the court entertain, that allegation is the gravamen of the case. Being of such importance the pleader should have alleged the facts and not his conclusion, and it is but his conclusion under such circumstances. (*Winslow* v. *Glendale Light & Power Co.*, 164 Cal. 688, 689 [130 Pac. 427].) Furthermore, the presence of the conclusion of the pleader in the pleading does not strengthen the pleading when attacked by a demurrer. (*People* v. *Roach*, 76 Cal. 294, 296 [18 Pac. 407].)

In what we have said we do not want to be understood as holding that the facts pleaded constitute a forfeiture or that such facts, if presented to the proper court, by the proper parties, in the proper action, should, or should not, be adjudged sufficient to constitute a forfeiture. We desire to be understood as merely ruling the questions presented by the record before us.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 12, 1924.

All the Justices concurred.