Argued April 28; affirmed June 7; rehearing denied July 26, 1932

# VAN GROOS *v.* DISTRICT SCHOOL BOARD FOR SCHOOL DISTRICT NO. 91 IN JACKSON COUNTY ET AL.

(12 P. (2d) 316)

*Kelly & Kelly* and *Porter J. Neff,* all of Medford, for appellants.

*G. M. Roberts,* of Medford (Wm. M. McAllister, of Medford, on the brief), for respondent.

KELLY, J. This is a companion case to that of *Stoddard et al. v. District School Board for School District No. 91* in Jackson county, Oregon, decided contemporaneously herewith.

In the case at bar, two questions are presented which were not involved in the companion case mentioned.

■ In the instant case, the trial judge sustained plaintiff's objections to the testimony offered by defendants in support of their allegation to the effect that plaintiff and other teachers entered into a conspiracy with two members of the school board to thwart and defeat the will of the voters in respect to reducing the expense of maintaining and conducting the school in question, and that plaintiff's contract was executed in pursuant and as a result of said conspiracy. Defendants' offer of proof fills thirteen pages of the transcript of testimony. Aside from the facts pertinent thereto which are stated in the companion case above mentioned, at most, defendants' offer of proof discloses only an opportunity, on plaintiff's part, to enter into the alleged conspiracy. There is no offer of any wrongful or unlawful act, or any warranted or questionable statement by plaintiff. The same sum was fixed as salary for the position held by plaintiff both in the original budget and in the reduced budget. No question therefore confronted plaintiff as to the salary she would receive if employed after the reduced budget had been approved. We are of the opinion that the learned trial judge committed no error when he sustained plaintiff's objections to defendants' offer of proof.

The second question here presented arises by reason of the nature of the cross-examination of plaintiff by her own counsel.

Plaintiff was called as a witness, in behalf of defendants, and was asked if her deposition had been

taken. She answered this question in the affirmative. She was then asked the following question and made the following answer:

"Q. And at that time you testified that you had made no effort to secure any other school during this year?

"A. I made no definite effort! I learned there were no other vacancies."

On cross-examination, she was asked and she answered as follows:

"Q. Now, had you known definitely that your contract was not to be lived up to by the school board?

"A. No, I didn't know definitely. We had our appeal in.

"Q. You had you appeal in?"

Objection was interposed as not being proper cross-examination. This objection was overruled, but the question was not answered.

After other questions and answers without objection, plaintiff was asked:

"Q. And after this so-called order, attempted order of your dismissal, an appeal was taken to the county school superintendent, was it not? A. Yes sir."

At this point, defendants' counsel said:

"Your Honor, may the record show our objection to all this line of examination as not proper cross-examination and immaterial."

The court granted the request of defendants' counsel and remarked that the examination had a bearing on the necessity of getting other employment, and the conditions under which other employment was available.

Then the cross-examination was resumed thus:

"Q. And, as I understand it, Miss Van Groos, an appeal was taken to the county school superintendent? A. Yes.

"Q. And your appeal was sustained by her was it not? A. It was.

"Q. And your contract or rather your dismissal by the school board was set aside? Is that correct? A. Yes."

Mr. Kelly, of counsel for defendants, then said: "That is objected to as not the best evidence. The decision of the boundary board—I mean the county school superintendent is a written decision."

The court said: "Yes that would have to be in writing."

Mr. Neff, of counsel for defendants then said: "It was made and entered." Then, the following colloquy occurred:

"The Court: In the record book?

"Mr. Neff: I don't know, but it was made and entered and is available.

"The Court: Can you produce the decision?

"Mr. Roberts: I don't know as I can, maybe counsel can, but I am just cross-examining this witness upon the date of that appeal. I don't care to go into the matter of the appeal.

"The Court: It is simply a matter of the date?

"Mr. Roberts: Yes."

It will be noted that up to this point no ruling was made by the court.

The witness testified to a conference with the school board on Saturday before the school opened relative to a continuation of her contract, and to an attempt to have the board consider her as a teacher.

The plaintiff was then asked: "Did you think that you were bound by that contract?" To which she replied: "I did."

This was objected to and the motion was made that the answer be stricken as a conclusion.

The court then said: "It may stand."

■ If error was committed by the court in making the ruling just mentioned, it was harmless because the result reached was in harmony with the legal effect of the contract: *Gile & Co. v. Lasselle,* 89 Or. 107 (171 P. 741); *Dallas Electric Co. v. Mitchell,* 33 Tex. Civ. App. 424 (76 S. W. 935); *First Nat. Bank v. Reed,* 36 Mich. 263; *New England Monument Co. v. Johnson,* 144 Pa. 61 (22 Atl. 974); *Gall v. Dickey,* 91 Iowa 126 (58 N. W. 1075); *Winslow v. Glendale Light & Power Co.,* 164 Cal. 688 (130 P. 427).

We find no reversible error in the record of this case; and, therefore, the judgment of the circuit court is affirmed.

BELT, J., did not participate in this case.